SMITH *et al. v.* SLOAN.

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

Rehearing denied February 10, 1950.

CREEKMORE & BUHL, of Knoxville, for plaintiff in error.

POORE, COX, BAKER & McAULEY, of Knoxville, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an action in negligence for personal injuries alleged to have been sustained by plaintiff, Ann T. Sloan, when she fell in the aisle of a moving picture theater operated by the defendants Smith. The case was tried to a jury in the Circuit Court of Knox County, and a verdict was returned for the plaintiff in the sum of $2,000. After suggesting remittitur of $500, the Trial Judge overruled motion for new trial and both parties appealed to the Court of Appeals. That Court, on the ground that there was shown no actionable negligence to support a judgment against the defendants, held that

the Trial Judge was in error in not directing a verdict for the defendants, and reversed and dismissed the case. The plaintiff filed petition for *certiorari,* which we granted, and after argument, the case is before us for final disposition.

We find that the first assignment of error presented by the petition for *certiorari* is valid and must be sustained. It is as follows:

"The Court of Appeals erred in holding that there was no evidence to go to the jury and that the Trial Court should have directed a verdict in favor of the defendants. This holding in the Court of Appeals is erroneous for the reason that there is an abundance of evidence in the record requiring the Trial Judge to submit the issues to the jury for determination. No motion was made by the defendant at any stage of the hearing for a directed verdict on behalf of the defendants."

Under Rule 11(5) of the Court of Appeals, 29 Tenn. App. 831, and many decisions of that Court, for example, *Grace* v. *Curley,* 3 Tenn. App. 1; *Tenn. Brokerage Co.* v. *Larkin,* 1 Tenn. App. 276; *Maddox* v. *Cone,* 1 Tenn. App. 534; *Rhoton* v. *Burton,* 2 Tenn. App. 164; *Ray* v. *Crain,* 18 Tenn. App. 603, 80 S. W. 2d 113, we find the judgment of the Court of Appeals was erroneous. The defendants made no motion for a directed verdict, either at the end of plaintiff's proof or at the end of their proof, or at the end of all the evidence. The motion for new trial continued no ground assigning as error the submission of the issues to the jury. Under many cases decided by this Court and the Court of Appeals, the failure to make such motion was a waiver. *Seymour* v. *Southern Railroad Co.,* 117 Tenn. 98, 98 S. W. 174; *Nashville Ry. & Light Co.* v. *Henderson,* 118 Tenn. 284,

99 S. W. 700; *Tenn. Central Ry. Co.* v. *Zearing,* 2 Tenn. App. 451, 454. When hearing the motion for new trial, if the Trial Judge had found that the case should not have been submitted to the jury, he would have ordered a new trial, but he would not have been justified in dismissing the case. *So. Const. Co.* v. *So. Surety Co.,* 10 Tenn. App. 506, 519.

Further, we think the Court of Appeals erred in holding on the evidence, that no issue was created for the jury. The plaintiff, holding an 18-months-old-baby in her arms, accompanied by her brother, her mother and sister walked down the aisle of a moving picture theater operated and owned by the defendants Smith. There was an iron grating, an outlet for a hot-air furnace, in the aisle which was otherwise covered with a carpet. The plaintiff, her brother, and her mother, testified that the grating was displaced and lying diagonally across the opening, above the floor, and not fitted into its proper place. The plaintiff testified that she fell into the hole thus created, and received the injuries for which she sued. The brother testified that he saw the plaintiff fall into the hole, and after she had fallen, replaced the grating. The plaintiff further testified that it was too dark for her to see in the aisle, and that the lights, though installed, were not burning at the time. The plaintiff's brother corroborated this testimony.

While we are fully sensible of, and approve the rule that the owner of a moving picture theater is not an insurer, and is liable to its patrons only for the exercise of reasonable care for their safety, *Lowe's Nashville & Knoxville Corp.* v. *Durrett,* 18 Tenn. App. 489, 79 S. W. 2d 598, we think that the foregoing evidence for the plaintiff created a *prima facie* case, viewing the

evidence as we must in the light most favorable to the plaintiff. It was the sole and conclusive province of the jury to weigh this evidence for the plaintiff against the denials by the defendants, and to consider the question of notice as being an element of reasonable care, and the discrepancies and improbabilities as being an element of the credibility of the witnesses,—all of which with the element of causation, was exclusively for the jury.

The decision of *Jackson* v. *B. Lowenstein & Bros. Inc.*, 175 Tenn. 535, 136 S. W. 2d 495, 496, is much in point. The opinion was written for this Court by that great lawyer, the late Edward J. Smith, of the Nashville Bar, and contains a fine statement of the different functions of the jury on the one hand, and the Appellate Court on the other.

"These two cases (*S. S. Singleton Abbey* v. *S. S. Paludina* (1927), A.C., 16, and *Palsgraf* v. *Long Island Railroad Co.*, 1928, 248 N.Y. 339, 162 N. E. 99, 59 A.L.R. 1253), by virtue of the sharp difference of opinion of the judges, should be a warning to appellate courts not lightly to assume the primary duty of determining liability or nonliability, in actions of tort, but to leave that duty where the Constitution has placed it, with the jury as triers of facts, and if they act capriciously and arbitrarily to supervise their action." *Jackson* v. *B. Lowenstein & Bros., Inc.*, 175 Tenn. 535, 539, 136 S. W. 2d 495.

"Equally, when courts or statutes have fixed the legal standard of reasonable conduct, e. g., as being that of a reasonable man, and have no exacter rule, the determination of whether any kind of behavior conforms to it or not is a mere question of fact. It is not a question of law because there is no rule in question. That, in reaching their conclusion, the jury must reason, and

'must judge the facts,' is not material.'' Thayer's Preliminary Treatise on Evidence (1898), 250.

██ ██ After the plaintiff fell, she and her brother reported the matter to the young man, an employee of defendants, who was taking up the tickets at the door. He, according to the testimony of plaintiff and her brother, returned with them to the grating, and when the brother told him that he (the brother) had replaced the grating, the young employee of defendants said, ''It must have been left out when we were cleaning.'' On the stand, the young man denied making this statement, but this presented a mere question of credibility for the jury, as did the effect of his having left the grating out of its proper place. It should be stated that it was also in evidence from the plaintiff's brother, that the lights on the seats were not burning, and that they were for the illumination of the aisle floor. The basis of the Court of Appeals' action in reversing the case, is thus summarized in the opinion:

''In the present case it is evident that if the opening into which plaintiff fell had existed for any appreciable length of time that other patrons of the show would have fallen into it since the length of the opening extended the entire width of the carpet on the floor of the aisle.

''No contention is made nor is there any evidence to indicate that the condition at the time plaintiff was injured was created by the defendants or their employees; nor is there any evidence to indicate there was any defect in the cover of the register in question; nor is there any evidence to indicate that the situation or condition was known to defendants or had existed for a sufficient length of time to charge the defendants with constructive notice thereof.''

This is also the substance of the argument made by the defendants in their reply to the petition for *certiorari*. We think that this statement shows an invasion of the province of the jury. Further, it overlooks the evidence of plaintiff and her brother, that Poore, the employee of the defendants, said at the time of the occurrence, that the grating had been left off in the afternoon by those cleaning the theater. Assuming that this evidence for the plaintiff was true, and in view of the jury's verdict, we must so assume, there was evidence that the grating had been removed by employees of the defendants, and that the condition had lasted for several hours since the cleaning operation in the afternoon. The Court of Appeals' argument that the register could not have been open because other customers must have fallen, is not supported since the plaintiff's sister preceded her safely down the aisle. These arguments were matters to be presented to the jury and doubtless were. The verdict of the jury determined their effectiveness.

A sound statement which is very pertinent here, was made in a recent decision of the Court of Appeals:

"As said so often, this rule requires trial judges and appellate judges, in considering a motion by defendant for a directed verdict, to look to all the evidence, to take as true the evidence for plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for plaintiff, to allow all reasonable inferences from it in his favor; and if then there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Wildman Mfg. Co.* v. *Davenport Hosiery Mills,* 147 Tenn. 551-557, 249 S. W. 984; *Walton & Co.* v. *Burchel,* 121 Tenn. 715, 723, 121

S. W. 391, 130 Am. St. Rep. 788; *Provident Life & Acc. Ins. Co.* v. *Prieto,* 169 Tenn. 124, 83 S. W. 2d 251; *Osborn et al.* v. *City of Nashville, supra* [182 Tenn. 197, 185 S. W. 2d 510] ; *Tennessee Cent. Ry. Co.* v. *McCowan,* 28 Tenn. App. 225, 188 S. W. 2d 931; *Poole* v. *First Nat. Bank of Smyrna,* [29] Tenn. App. [327], 196 S. W. 2d 563, 567-568.'' *Lackey* v. *Metropolitan Life Ins. Co.,* 30 Tenn. App. 390, 397-398, 206 S. W. 2d 806, 810.

The only error suggested by defendants, though no formal assignment of error is made in the reply to the petition for *certiorari,* is that the verdict even after the remittitur, is excessive. We do not agree, and hold that if the verdict as originally rendered by the jury, was in an amount excessive in the light of injuries, pain and suffering proven by the plaintiff, that the error was fully cured by the remittitur ordered by the Trial Judge.

██ ''There is an added weight to the judgment of the trial court when, as here, the circuit judge, by way of remittitur, reduced the amount of the damage fixed by the jury.'' *Ezell* v. *Post Sign Co. Inc., et al.,* 30 Tenn. App. 256, 260, 205 S. W. 2d 13, 15.

For the reasons stated, the judgment of the Court of Appeals is reversed, and that of the Trial Court in the sum of $1,500 for the plaintiff, is affirmed.

All concur.

## On Petition to Rehear

Petition for rehearing has been filed in this cause and the following statement of our former opinion is criticized: "The plaintiff, her brother, and her mother, testified that the grating was displaced and lying diagonally across the opening, above the floor, and not fitted into its proper place."

In the petition it is admitted that on her direct examination, the mother testified as we stated, but it is insisted that on her cross-examination her testimony as to the position of the grating was weakened and she admitted that she was influenced in her testimony by her children's statements. Clearly, this presented a question for the jury whose province it was to determine the weight to be given the mother's testimony and her credibility as a witness.

In any event, it would be immaterial to the result, if the testimony of the mother was stricken from the record because the testimony of the plaintiff and her brother about the removal of the grating would still have necessitated the submission of the case to the jury.

Next, the following statement from our former opinion is criticized: "The plaintiff further testified that it was too dark for her to see in the aisle, and that the lights, though installed, were not burning at the time. The plaintiff's brother corroborated this testimony."

To support the argument against this statement it is insisted that because the plaintiff put her sister on the stand and the sister testified that she did not remember whether the lights were burning in the aisle or not, that, therefore, the positive testimony of the plaintiff and her brother, that the lights in the aisle were not burning, was nullified and that there remained after the

sister's testimony, no issue to go to the jury. Of course, no authority is submitted to support this novel proposition. The fact that the sister did not remember, is negative testimony and does not contradict the testimony of the plaintiff and her brother. That testimony remained to create the issue which the Trial Judge properly submitted to the jury.

The remainder of the petition is taken up with reargument and reiteration of argument on the weight of the testimony which we fully considered in our former opinion. Such reargument does not warrant a rehearing. Rule 32, 185 Tenn. 879; *Louisville & N. R. Co.* v. *United States Fidelity & Guaranty Co.*, 125 Tenn. 658, 691, 148 S. W. 671.

After carefully considering the petition for a rehearing, we are satisfied with the result reached, and the petition to rehear is denied.

All concur.