Mildred P. SMITH, as surviving widow of
Wayne E. Smith, Deceased, Plaintiff-
Appellee,

v.

ILLINOIS CENTRAL RAILROAD COM-
PANY, Defendant-Appellant.

No. 18021.

United States Court of Appeals
Sixth Circuit.

May 21, 1968.

See also D.C., 263 F.Supp. 70.

W. Neil Thomas, Jr., Chattanooga, Tenn. (Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., on the brief), for appellant.

Samuel D. Hewlett, Jr., Atlanta, Ga. (Daniel C. B. Levy, Atlanta, Ga., Harber & Bryan, Chattanooga, Tenn., on the brief), for appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This appeal involves an accident in which plaintiff-appellee's husband, Wayne E. Smith, was killed when a boxcar door fell on him as he and a fellow employee of Central Soya Company were attempting to open the door to unload the car. This boxcar was loaded with soybeans by Phoenix Oil Mill Company, at Ridgely, in west Tennessee, the doors were sealed and it was delivered to Illinois Central Railroad Company, defendant-appellant for transportation to the consignee, Central Soya Company at Chattanooga. The parties will be referred to as plaintiff and defendant, respectively.

The Illinois Central took the car to its yard in Memphis where it was put in train through successive transfers on the L. & N. and Southern Railway for the Central Soya Company at Chattanooga. In the Memphis yard the car was placed on the repair track. At this time grain was leaking from the car and the left door had a bulge in it. The transfer gang in the yard applied what is known in railroad parlance as a jack to the door and it was restored to its original flat condition. Some holes were chinked with waste material to keep the beans from falling out and the door was locked and resealed.

On the morning of January 15, 1965, the decedent, Wayne E. Smith, and Donald Lockhart, along with other fellow employees, were assigned by their employer to unload the carload of soybeans. Smith and Lockhart riding in a truck or power wagon preceded their fellow employees over to the car and proceeded to open the door manually. When the door did not yield to this method Lockhart placed the power wagon alongside the boxcar and with a steel cable attached to the rear of the wagon and hooked onto the front edge of the door attempted to pull the door open with the power of the truck. The door moved forward six to twelve inches, jumped the track and stuck so that it would not move further. Smith then got a "scotch", a piece of metal about a foot long and three inches wide, and started beating up on the latch that had jumped the track. The top of the door started falling out and fell on top of Smith causing his injuries.

Smith was severely injured. He lived for eighteen days during which he suffered excruciating pain and agony.

Mildred P. Smith, plaintiff, as administratrix brought the action in the District Court for the Eastern District of Tennessee consisting of two claims. One was for pain and suffering, funeral expenses and other special damages, and the other was for the benefit of the next of kin. Jurisdiction is invoked by reason of diversity of citizenship under Section 1332, Title 28, U.S.C. The case was tried before a jury and resulted in a verdict of $140,000 in favor of the plaintiff.

The defendant makes two assignments of error, one, that the trial judge should have directed a verdict in favor of the defendant, and, two, that in the alternative the trial judge should have granted

a remittitur in the verdict. Specifically it is claimed that a verdict should have been directed on any one of three grounds. One, failure to prove any negligence against the defendant, two, contributory negligence of the decedent as a matter of law, and, three, an independent intervening cause in attempting to open the boxcar door in an unauthorized manner—the use of the power wagon and cable.

The district judge instructed the jury that the plaintiff claimed that the defendant was guilty of negligence which proximately caused the injuries of the decedent in the following particulars:

One, permitting a boxcar of unsafe or defective design to be used for the purpose of transporting freight; two, to continue to operate the boxcar when it knew or should have known that the boxcar door was in a damaged, defective, worn and dangerous condition; three, failure to warn the decedent of the dangerous condition of the boxcar door; four, permitting the boxcar to be loaded in a manner to increase the hazard to continue opening the boxcar door and failure to warn the decedent of the same; five, failure to properly and adequately inspect the boxcar and determine whether it would be safe to use for the intended purpose; and, six, failure to install necessary safety devices upon the door, or upon the car to prevent the door from falling off, if it should come out of its tracks.

The plaintiff further contends that the defendant was negligent in selecting and furnishing the boxcar of unsafe design, and failing to observe the defective condition of the door and missing bearings, and failing to properly repair the same.

The district judge instructed the jury with respect to the defendant's claims:

One, that the defendant denied that it was guilty of negligence in any of the respects charged by the plaintiff proximately causing or contributing to the cause of the accident resulting in the injuries and death of the decedent; two, that the decedent, Wayne Smith, was himself guilty of negligence which proximately caused or contributed to the accident which caused his death; three, that the decedent assumed the risk by the manner in which he attempted to open the car door; and, four, negligence of the employees of Central Soya Company in attempting to open the car door with a power wagon was an intervening proximate cause of the accident.

■ These issues all present questions of fact which must be determined by the jury, if they are supported by evidence. In determining a motion for a directed verdict in favor of one of the parties, the court must consider the evidence in the light most favorable to the party against whom the motion is made and must take into account any reasonable inferences that may be drawn from the facts in evidence. Smith v. Sloan, 189 Tenn. 368, 225 S.W.2d 539, 227 S. W.2d 2; Minton v. Southern Railway Company, 368 F.2d 719 (C.A. 6); Wallace v. Louisville and Nashville Railroad Company, 332 F.2d 97 (C.A. 6).

■ The function of a reviewing court in determining whether or not a verdict should have been directed is well stated in Nashville, C. and St. L. Ry. v. Crawford, 39 Tenn.App. 37, 48, 281 S.W.2d 69, 74:

" 'An assignment of error that there was no evidence to support a jury verdict, and that the Appellant was entitled to a directed verdict, requires an Appellate Court to review the evidence; but such review is not to determine where the truth lies or to find the facts, that not being the Appellate Court's province in jury cases. The review is only to determine whether there was any substantial evidence to support the verdict, and the Appellate Court must be governed by the rules safeguarding the constitutional right of trial by jury, which requires the Appellate Court to take the strongest legitimate view of all the ev-

idence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict.' "

We have read the original transcript of the testimony and proceedings of the trial and conclude that there was sufficient evidence to require the case to be submitted to the jury on the questions of negligence of the defendant, contributory negligence of the decedent and proximate cause of the accident. The question of intervening cause is not presented on this appeal. The defendant brought Central Soya Company into the case as a third party defendant and charged it with negligence as an intervening proximate cause of the accident. The basis of this charge was that Soya's employees were guilty of negligence in attempting to open the door of the boxcar with a power wagon. The district judge granted judgment notwithstanding the verdict in favor of Soya and no appeal was taken from that order. This disposed of the charge against Soya as a matter of law.

Nashville C. and St. L. Ry. v. Crawford, supra, upon which counsel rely so heavily, as well as other cases relied upon by counsel, can be distinguished on their facts from the case at bar. In *Crawford* the reviewing court found that there was no evidence of any negligence on the part of the Railroad Company. This is clearly established by the facts of that case. Alternatively the court found that the plaintiff was guilty of contributory negligence. In *Crawford* the plaintiff was fully aware of the danger he was creating in trying to open the door and did not take proper precaution for his own safety.

■■ In all of these cases involving negligence and contributory negligence factual questions are presented. Each case is governed by its own particular facts. In determining as a matter of law whether there is negligence against the defendant or contributory negligence against the plaintiff the trial judge must consider all of the facts and circumstances of that particular case and the logical inferences that may be drawn from the evidence. It is difficult to make an exact comparison of the facts of two cases and to say that the law applied to the one set of facts is applicable to the facts of the other case.

■ The jury made special findings in answer to interrogatories that the defendant was guilty of negligence proximately causing the accident and that the decedent was not guilty of contributory negligence. We are of the opinion that there was substantial evidence to support these findings, and we cannot substitute our judgment for that of the jury.

■ The trial judge said that while the award of damages was high in view of the evidence he could not say that the damages awarded by the jury were so excessive as to warrant the suggestion of a remittitur or the granting of a new trial. We find no abuse of discretion in this ruling of the trial judge.

Section 20–613 Tenn.Code Ann. provides that a wrongful death action may be brought for the use and benefit of the next of kin. Section 20–614 provides that in a wrongful death action

"(T)he party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

This action was brought for the benefit of the widow and her three minor children. It was stipulated that special damages amounted to $3523.04. The deceased lived for eighteen days after he was injured, during which time he suffered intense and excruciating pain. The deceased was 45 years old. He had an expectancy of 26.87 years and a work life expectancy of 21.7 years. While the income of the deceased was only $5000

per year at the time of his death, it is reasonable to expect that at his age and with the inflationary times and continuous rounds of increased wages he would have had periodic increases in income during his work life. It is also reasonable to suppose that during the remainder of his life after his work years were over that he would have had some continuing income from social security or pension.

The jury had a right to consider all of these facts and circumstances and like the trial judge, we cannot say that the verdict was excessive to the point of requiring a remittitur.

The judgment of the District Court is affirmed.

The motion of appellee to file a supplemental memorandum brief is hereby denied.