**Cora Odell HATHAWAY, A Citizen and Resident of Smyrna Rutherford County, Tennessee, Who Sues for the Wrongful Death of her Father, Cody J. Odell, Plaintiff-Appellant,**

v.

**MIDDLE TENNESSEE ANESTHESIOLOGY, P.C., A Tennessee Corporation, Wanda N. Horton, Agent, Servant and Employee of Middle Tennessee Anesthesiology, P.C. Defendants-Appellees,**

and

**Baptist Hospital, Inc., A Tennessee Corporation, Defendant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 29, 1986.

Permission to Appeal Denied by Supreme Court Feb. 2, 1987.

Randall L. Kinnard, M. Linda Hughes, Randall L. Kinnard & Associates, Joe P. Binkley, Jr., Nashville, for plaintiff-appellant.

Noel F. Stahl, W. Gregory Miller, Cornelius & Collins, Nashville, for defendants-appellees.

## OPINION

TODD, Presiding Judge, Middle Section.

This is an action for wrongful death which was dismissed by summary judgment on the ground that the suit was filed after the expiration of the statute of limitations of one year.

The complaint, filed on September 29, 1983, alleges that plaintiff's father was injured in an automobile accident on May 27, 1981; that he was hospitalized for treatment of his injuries; that, on June 1, 1981, he underwent surgery for his injuries; that, during said surgery, he expired as a result of negligent administration of oxygen; and that plaintiff did not learn of the cause of his death until January 19, 1983, at which time she read in the newspaper that the surgeon involved in the surgery had stated the cause of death.

In support of their motion for summary judgment, defendants filed a certified copy of a death certificate issued by the State Registrar of Vital Records and signifying that the immediate cause of death of deceased was:

> Anoxia due to anaesthetic complication.

The death certificate shows that it was signed by Frank E. Jones, M.D., on June 15, 1981, and "received by local registrar" on June 22, 1981; but there is no indication thereon of when it became an official record of the State Registrar of Vital Statistics, or when the certificate was authenticated by the State Registrar.

In opposition to the defendants' motion for summary judgment, plaintiff filed an affidavit stating that, upon learning of her father's demise, she telephoned the surgeon, Dr. Jones, who stated that deceased died in surgery, but did not mention the cause of death; that she has never received

a copy of the death certificate; that she first learned of the cause of death from a newspaper article on January 19, 1983; and that prior to January 19, 1983, she had no reason to believe that death was caused by "something that the doctors or hospital staff did to him during surgery".

As stated, the Trial Judge entered summary judgment of dismissal. Plaintiff has appealed and presented the single issue of whether this suit is barred by the statute of limitations.

The right of action of a person who dies from wrongful acts or omissions of another does not abate by his death, but survives for the benefit of those mentioned in the statute. T.C.A. § 20-5-106.

No specific statute of limitations is contained in the Tennessee Wrongful Death Statutes, but our courts have uniformly applied the one-year statute on actions for personal injuries, T.C.A. § 28-3-104. *Jones v. Black*, Tenn.1976, 539 S.W.2d 123, *Collier v. Memphis Light, Gas & Water Dis.*, Tenn.App.1983, 657 S.W.2d 771.

T.C.A. § 29-26-116 (a part of the Medical Malpractice Review Board and Claims Act of 1975) provides in pertinent part as follows:

> Statute of limitations.—Counterclaim for damages.—(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104. (2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery. (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Defendants insist that the "discovery rule" as set out in the foregoing statute is inapplicable to actions for wrongful death because it is "impractical and unworkable" and "contradicts over one hundred years of

consistent precedents" and "would—invade the province of the legislature".

No authority is cited for the "impractical and unworkable" argument, and none is known to this Court. Moreover, the impractical and unworkable characteristics of a statute are for the consideration of the legislature in enactment, amendment or retention of the statute.

The "one hundred years of precedent" includes the following:

*Fowlkes v. Nashville & D.R.R.* is reported twice. At 64 Tenn. (5 Baxt.) 663, (1872), an opinion states neither facts nor the ruling of the trial court, but affirms the trial court and holds that the one year personal injury statute is applicable to wrongful death actions, that the statute begins to run at the time of injury, but is suspended from the death of deceased until the qualification of his personal representative. At 56 Tenn. (9 Heisk.) 829, is found another opinion in the same case with a footnote which states that, since the question was first raised in 1872, the Court had been equally divided on the question but that the accompanying opinion was rendered in the January 1876 term and was ordered to be reported in volume 56. The latter, 1876, opinion holds that the statute begins to run at the time of injury, but is *not* tolled between the time of death and the qualification of the personal representative.

In *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131 (1899), a six months old child was the only survivor of its parents who were murdered in December 1896. It was held that an action brought on behalf of the minor child more than one year after the homicide was barred by the one year statute of limitation. In that case, the Court said:

> It is charged in the fourth count of the declaration, substantially, that the wrongful act was concealed, and is still concealed, from the plaintiff and the public, and hence the statute did not run. It is true that fraudulent concealment of the cause of action will prevent the running of the statute, but the allegation of fraudulent concealment is not made in the declaration as definitely as it should

be. The statement in the declaration is that defendant fraudulently concealed from the plaintiff and the public the wrongful, willful, and malicious act. If this be held sufficient to charge the concealment of the cause of action, and not merely the evidence of defendant's connection therewith, still it is fatally defective in that it does not show that the cause of action was discovered within one year next before the action was brought. The declaration clearly implies that it has been discovered, but does not disclose when. In order to take the case out of the statute, it must be alleged and shown that the cause of action was concealed to a time within one year next before the suit was brought, and discovered within the year. *Haynie v. Hall*, 5 Hum., 293. (103 Tenn. at p. 357, 53 S.W. 131)

In *Rye v. DuPont Rayon Co.*, 163 Tenn. (10 Smith) 95, 40 S.W.2d 1041 (1931), it was held that wrongful death actions were subject to the one year statute of limitations for personal injuries *and* the saving statute authorizing renewal of an action within one year after dismissal on grounds not concluding the right. (T.C.A. § 28–1–105).

In *Teeters v. Currey*, Tenn.1974, 518 S.W.2d 512, there was a malpractice suit for negligent tubal ligation to prevent conception. The surgery was ineffective, and the patient sued for damages for the unexpected pregnancy and birth. The suit was filed more than one year after the surgery, but within one year after the discovery of the pregnancy. The Supreme Court overruled previous precedents and held:

> We adopt as the rule of this jurisdiction the principle that in those classes of cases where medical malpractice is asserted to have occurred through the negligent performance of surgical procedures, the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury. All cases contra are overruled. (518 S.W.2d p. 517)

In *Gilbert v. Jones*, Tenn.App.1974, 523 S.W.2d 211, it was held that an action against a physician and drug manufacturer for harmful effects of a prescription drug was timely brought within one year after first receiving medical advice as to the cause of the harmful effects.

In *McCroskey v. Bryant Air Conditioning Co.*, Tenn.1975, 524 S.W.2d 487, it was held that in tort actions the statute of limitations begins to run when the injury occurs or is discovered or when, in the exercise of reasonable diligence, it should have been discovered.

T.C.A. § 29–26–116(a)(2), quoted above, as originally enacted in 1975, contained the "discovery rule" in respect to the discovery of the injury.

In *Jones v. Black*, Tenn.1976, 539 S.W.2d 123, a mother died in childbirth. Nineteen months later, a malpractice action for wrongful death was filed on behalf of the child. The Supreme Court held that the minority of the child did not toll the running of the one year statute of limitation.

In *Foster v. Harris*, Tenn.1982, 633 S.W.2d 304, plaintiff first learned that she was infected with serum hepatitis in January, 1976, but was unable to ascertain the source of the infection until July 21, 1976, when her dentist told her that he was infected with serum hepatitis when he treated her on October 11, 1975, at which time the dentist had lacerated his finger and plaintiff's lip during his treatment. In the cited case, the schedule of pertinent dates was:

> October 11, 1975, actual tort.
>
> One month later, first symptoms of infection.
>
> January, 1976, first diagnosis of serum hepatitis.
>
> July 21, 1976, first learned of source of infection.
>
> February 11, 1977, suit filed.

The Supreme Court held that the statute began to run on July 21, 1976, and said:

> In the continuing saga of when the statute on limitations begins to run in tort cases, this case presents two unique questions. First, was the injury discov-

ered upon diagnosis of the disease or upon discovery that the source of the disease was a negligent act ...

In *Teeters*, after noting that the Legislature had amended the statute of limitations applicable to products liability cases so that plaintiffs would have one year from the date of the injury within which to file suit, in response to the holding in *Jackson v. General Motors*, 223 Tenn. 12, 441 S.W.2d 482 (1968), we said the following:

"The same considerations of elemental justice would demand a similar rule in malpractice actions. We find it difficult to embrace a rule of law requiring that a plaintiff file suit prior to knowledge of his injury or, phrasing it another way, requiring that he sue to vindicate a non-existent wrong, at a time when injury is unknown and unknowable." 518 S.W.2d at 515.

We then observed that in 1965 the General Assembly provided for a suspension of the statute of limitations when a defendant is out of the state beyond the reach of process, whereupon we continued as follows:

"These two developments tend to indicate that the public policy of our state is opposed to requiring that suit be filed when circumstances totally beyond the control of the injured party make it impossible for him to bring the suit." *Id.*

The so-called "discovery doctrine" was fashioned to alleviate the intolerable result of barring a cause of action by holding that it "accrued" before the discovery of the injury or the wrong. In addition to the two quotes above, the entire thrust of *Teeters* is to that effect.

In *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975), we overruled *Jackson v. General Motors, supra*, on the rationale that a cause of action does not accrue until the "injury occurs or is discovered."

In this case, neither the injury nor the tort feasor who perpetrated the injury were discovered until July 21, 1976. All that plaintiff discovered in January was the name of the disease. That discovery did not reveal that he contracted it through a negligent act or who the tort feasor might be. In *McCroskey*, in addition to relying on the rationale of *Teeters*, we added the Hornbook principle that a cause of action in tort does not exist until a judicial remedy is available to the plaintiff; that before a judicial remedy exists, two elements must coalesce, (1) a breach of some legally recognized duty owed by the defendant to the plaintiff; (2) that causes the plaintiff some legally cognizable damage. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 489–90. It is axiomatic that no judicial remedy was available to this plaintiff until he discovered, or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty. (633 S.W.2d at p. 304–305)

In *Hoffman v. Hospital Affiliates, Inc.*, Tenn.1983, 652 S.W.2d 341, the Supreme Court reaffirmed the holding in *Foster v. Harris*, supra.

In *Gosnell v. Ashland Chem. Inc.*, Tenn. App.1984, 674 S.W.2d 737, it was held that an action for personal injuries may be brought more than one year after the occurrence of the injury if it is brought within one year after the time of discovery of the injury or the time within which in the exercise of reasonable care and diligence it should have been discovered.

■ It is arguable that the "discovery rule" in T.C.A. § 29–13–116(a)(2) refers only to the discovery of the harmful effect of the tort. However, the reasonable interpretation of the statute consistent with authorities discussed above is that "discovery" means the discovery of the existence of a right of action, that is, facts which would support an action for tort against the tortfeasor. Such facts include not only the existence of an injury, but the tortious origin of the injury.

In *McCroskey*, supra, the Court quoted with approval from a dissent in *Dincher v. Marlin Firearms Co.*, 2 C.C.A. 1952, 198 F.2d 821, as follows:

Except in topsy-turvey land, you can't die before you are conceived, or be divorced before ever you marry, or harvest a crop never planted, or burn down a house never built, or miss a train running on a non-existent railroad. For substantially similar reasons, it has always heretofore been accepted, as a sort of legal "axiom," that a statute of limitations does not begin to run against a cause of action before that cause of action exists, i.e., before a judicial remedy is available to the plaintiff. Id. at 823. (524 S.W.2d at p. 489).

It is true that a number of Tennessee wrongful death authorities have asserted a strict limitation of one year from the date of the wrongful act. However, subsequent authorities, including the Malpractice Statute have recognized the "discovery rule". It appears that the present law of Tennessee favors the discovery rule and that its application to a non negligent delay in discovery of the negligent act is entirely consistent with the presently controlling authorities.

■ It is also arguable that the plaintiff had a reasonable opportunity with due diligence to ascertain the pertinent facts within a year after the occurrence of the alleged tort. The principal basis for this argument is the content of the death certificate, heretofore quoted. The question of whether due diligence under the circumstances required an examination of public records or any other particular form of investigation is properly a question for the trier of fact after hearing all of the evidence, rather than a question of law to be determined by summary judgment based upon the limited evidence in this record.

Ordinarily, negligence and contributory negligence are issues of fact for the jury or finder of fact, and can be decided as a question of law by the court only when the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable men, in the exercise of free and impartial judgment, must agree upon it. *Frady v. Smith*, Tenn.1974, 519 S.W.2d 584; *Senters v. Tull*, Tenn.App.1982, 640 S.W.2d 579.

Whether any kind of behavior conforms to a legal standard of reasonable conduct is a mere fact question for the jury and not a question of law. *Smith v. Sloan*, 189 Tenn. 368, 225 S.W.2d 539, reh. den. 189 Tenn. 378, 227 S.W.2d 2 (1950).

The terms, ordinary care, reasonable prudence, and such like terms as applied to the conduct and affairs of men have a relative significance and cannot be arbitrarily defined. Such questions are for the jury under proper instructions from the court. *Croson v. Marsh*, 12 Tenn.App. 33 (1926).

What a person of reasonable prudence would have done under the same or similar circumstances must be determined by the jury from their knowledge of mankind, and of how persons of reasonable prudence deport themselves in relation to their surroundings. *Power Packing Co. v. Borum*, 8 Tenn.App. 162 (1928).

■ In summary, this Court holds that the recognized exceptions to the statute of limitations on personal injury actions are equally applicable to actions for wrongful death; and that, where the resolution of the issue depends upon the question of whether due diligence was exercised under the circumstances, and where differing inferences might reasonably be drawn from the uncontroverted facts, the issue is not appropriate for summary judgment.

In ruling on motions for summary judgment, both the trial court and appellate court must consider the matter in the same manner as a motion for a directed verdict made at the close of plaintiff's proof; i.e. it must view all evidence in the light most favorable to the opponent of the motion and draw all legitimate inferences of fact therefrom in favor of the opponent of the motion. If, after so doing, a disputed issue of material fact is made out, the motion must be denied. *Dickerson v. Sanders Mfg. Co.*, Tenn.App.1983, 658 S.W.2d 535; *Berry v. Whitworth*, Tenn.App.1978, 576 S.W.2d 351.

The summary judgment of dismissal is reversed. Costs of appeal are taxed

against appellees. The cause is remanded for further proceedings.

Reversed and remanded.

CANTRELL, J., concurs.

KOCH, J., files separate concurring opinion.

KOCH, Judge, concurring opinion.

The sole issue in this case is whether the "discovery rule" generally applied in personal tort actions is available in medical malpractice cases in which the injured party has died as a result of the negligent act. The majority has concluded that it does, and I concur with this result. It was foretold in *Gosnell v. Ashland Chemical, Inc.,* 674 S.W.2d 737, 739 (Tenn.Ct.App.1984). Notwithstanding the appellees' criticism of this case, it has been approved by the Tennessee Supreme Court.[1]

At common law, every right of action for personal injury abated with the death of the injured person. *Trafford v. Adams Express Co.,* 76 Tenn. 96, 97–98 (1881) and *Griffith v. Beasly,* 18 Tenn. (10 Yer.) 434, 437 (1837). This rule was changed in Tennessee when the General Assembly enacted Chapter 17, Public Acts of 1851 which is now codified at Tenn.Code Ann. § 20–5–106. This statute creates no new right of action but merely keeps alive the right the deceased would have had and passes it to his personal representatives. *Southeastern Aviation, Inc. v. Hurd,* 209 Tenn. 639, 653, 355 S.W.2d 436, 442 (1962). After the adoption of Tenn.Code Ann. § 20–5–106, a deceased's cause of action must be treated as if the injured party brought it. *Memphis Street Railway Co. v. Cooper,* 203 Tenn. 425, 432, 313 S.W.2d 444, 448 (1958). Thus, whatever procedural rights an injured person has in life, the person's representatives have after his death.

Tenn.Code Ann. § 20–5–106, commonly known as Tennessee's "wrongful death statute," has no statute of limitations of its own. Of necessity it incorporates the statute of limitations applicable to the cause of action that survives after the death of the injured party. This explains why many decisions refer to a one year statute of limitations in "wrongful death actions." Since these actions actually stem from deaths caused by negligent acts, the one year statute of limitations applicable to personal tort actions, Tenn.Code Ann. § 28–3–104(a), is applicable in these cases. Tenn. Code Ann. § 29–26–116(a)(1) provides that this statute of limitations is also applicable in medical malpractice actions.

The Tennessee Supreme Court has applied the "discovery rule" to all personal tort actions including medical malpractice cases. *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn.1982); *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 491 (Tenn.1975); and *Teeters v. Currey,* 518 S.W.2d 512, 517 (Tenn.1974). If "the discovery rule" is available to an injured person in life, it should be equally available to an injured person in death but only to the extent that the injured person could assert it if he were still living.

A deceased person's personal representative is charged with the same duty of discovery that would have been imposed upon the deceased had he survived. I am not prepared to find that Cora Odell Hathaway, in the exercise of reasonable care and diligence, should have discovered that a tortuous act caused her father's death any earlier than she actually discovered it. The summary judgment should have been denied for this reason.

---

1. The Tennessee Supreme Court denied the Tenn.R.App.P. 11 application for permission to appeal on May 21, 1984. This action indicates that the Court approves of the opinion's reasoning and result. *Pairamore v. Pairamore,* 547 S.W.2d 545, 548 (Tenn.1977) and *Beard v. Beard,* 158 Tenn. 437, 442, 14 S.W.2d 745, 747 (1929).