THERESA STANBURY and spouse,   )
JOHN H. STANBURY,   )
   )
      Plaintiffs/Appellees,   )
   )   Davidson First Circuit
   )   No.  93C-1265
VS.   )
   )   Appeal No.
   )   01-A-01-9509-CV-00420
BRIAN E. BACARDI and HOSPITAL   )
CORPORATION OF AMERICA, d/b/a   )
CENTENNIAL MEDICAL CENTER,   )
   )
      Defendants/Appellants.   )

**FILED**

**April 26, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE FIRST CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


Helen S. Rogers
JONES, ROGERS & FITZPATRICK
Suite 1550 SunTrust Bank Building
201 Fourth Avenue, North
Nashville, Tennessee 37219
ATTORNEY FOR PLAINTIFFS/APPELLEES


Lela M. Hollabaugh
MANIER, HEROD, HOLLABAUGH & SMITH
First Union Tower, Suite 2200
150 Fourth Avenue, North
Nashville, Tennessee 37219-2494
ATTORNEY FOR DEFENDANTS/APPELLANTS


REVERSED, DISMISSED AND REMANDED

                         HENRY F. TODD
                         PRESIDING JUDGE, MIDDLE SECTION

BEN H. CANTRELL, JUDGE, CONCURS,
WILLIAM C. KOCH, JR., JUDGE, FILES SEPARATE OPINION CONCURRING IN
PART AND DISSENTING IN PART.

THERESA STANBURY and spouse,          )
JOHN H. STANBURY,                     )
                                      )
    Plaintiffs/Appellees,             )
                                      )   Davidson First Circuit
                                      )   No.  93C-1265
VS.                                   )
                                      )   Appeal No.
                                      )   01-A-01-9509-CV-00420
BRIAN E. BACARDI and HOSPITAL         )
CORPORATION OF AMERICA, d/b/a         )
CENTENNIAL MEDICAL CENTER,            )
                                      )
    Defendants/Appellants.            )

O P I N I O N

The defendant, Brian E. Bacardi, has appealed from a jury verdict and judgment awarding plaintiff, Theresa Stanbury, $211,000 and her husband, John H. Stanbury, $10,000, as damages for alleged malpractice in surgery and treatment of Mrs. Stanbury.  The other captioned defendant, Hospital Corporation of America, was dismissed by nonsuit and is not involved in this appeal.

The sole issue on appeal is whether plaintiffs' suit is barred by the one year medical malpractice statute of limitations, T.C.A. §29-26-116.

The patient first saw defendant on November 22, 1991.  On December 11, 1991, defendant performed the following surgical procedures on both feet of the patient:

    (a) transpositional osteotomy fifth metatarsal with internal fixation bilateral;

    (b) arthroplasty proximal interphalangeal joint third, fourth and fifth bilateral;

    © exostectomy remodeling distal medial fifth bilateral;

    (d) middle phalangectomy fourth bilateral;

    (e) flex ortenotomy third, fourth and fifth bilateral; and

    (f) tenoplasty extensor digitorus longus bilateral.

On December 20, 1991, the surgical dressings were removed from the patient's feet and she was able to observe the outward evidence of the procedures performed on December 11, 1991. The patient was seen by defendant on January 10, 1992, January 17, 1992, February 14, 1992, and March 17, 1992. On April 3, 1992, defendant performed a further surgical procedure to correct a misalignment of the fifth toe on the right foot. On May 5, 1992, defendant removed the sutures from the site of the surgery and informed the patient that there was nothing further he could do to relieve her problems.

This suit was filed on April 30, 1993. The complaint alleged deviation from the recognized standard of acceptable medical practice in the following particulars:

A. Negligently recommending surgery to the plaintiff which was not indicated, given her signs, symptoms and physical condition;

B. Failing to obtain the plaintiff's informed consent to the surgery performed on December 11, 1991;

C. Negligently performing the surgical procedures on December 11, 1991 and April 3, 1992;

D. Performing unnecessary surgery on December 11, 1991 and April 3, 1992;

E. Negligently providing post-surgical care including the failure to maintain antiseptic techniques;

F. Negligently causing an infection to Theresa Stanbury's feet by ignoring basic principles of antiseptic;

G. Ignoring the patient's complaints of pain and infection;

H. Intentionally and falsely preparing his office notes with the intent to conceal from the plaintiff and anyone else her true condition and result.

Defendants' answer included the affirmative defense of statute of limitations.

The Trial Court submitted to the jury several issues of fact, including the following:

3(a) Did the defendant, Brian Bacardi, deviate from the recognized standard of care for podiatrists in this community by

negligently performing the surgical procedures on December 11, 1991, and/or April 3, 1992, on the plaintiff, Theresa Stanbury?

As to this question the foreman of the jury asked the following question and the Trial Judge responded as follows:

> MR. ROBINSON: I think the misunderstanding is are we to decide on that question, whether or not during the actual surgery itself, was a mistake made?
>
> THE COURT: Okay. That's what I thought you meant. No, that's not part of the lawsuit. Okay. The lawsuit, "negligent" refers to other acts of alleged malpractice. But as far as the operation itself, that's not part of the lawsuit.

On February 14, 1995, the Trial Court entered a "Final Decree" reciting:

> . . . After deliberating on February 1 and 2, 1995, the jury returned a verdict in favor of the plaintiff, Theresa Stanbury, on the issues of recommending and performing unnecessary surgery, lack of informed consent and negligently performing surgery, and awarded Theresa Stanbury compensatory damages of Two Hundred Eleven Thousand ($211,000.00) Dollars. The jury also returned a verdict for the plaintiff, John Stanbury, for his claim for loss of consortium in the amount of Ten Thousand ($10,000.00) Dollars. . . .

Judgment was entered accordingly.

On February 24, 1995, the Trial Court entered an order containing the following:

> . . . At the close of the plaintiff's case in chief, the defendant moved for a directed verdict on the entire cause on the grounds that the plaintiff's cause of action was barred by the one year statute of limitations of the Tennessee Medical Malpractice Act. Defendant's Motion for Directed Verdict was denied and the Court held that as a matter of law, plaintiff's claim was not barred by the Statute of Limitations of the Medical Malpractice Act.
>
> Further, defendant moved for a directed verdict on the following issues:
>
> 1. Negligently providing post-surgical care, including the failure to maintain antiseptic techniques;
>
> 2. Negligently causing an infection to Theresa Stanbury's feet by ignoring basic principles of antiseptic;

3. Ignoring the patient's complaints of pain and infection;

4. Intentionally and falsely preparing his office notes with the intent to conceal from the plaintiff and anyone else her true condition and result. The Court was of the opinion that defendant's Motion for Directed Verdict on these issues was well taken.

Defendant also moved for a directed verdict on the issue of negligently performing the surgical procedures on December 11, 1991 and April 3, 1992. The Court was of the opinion that defendant's motion on this issue was not well taken and was overruled.

At the close of all of the proof, the defendant moved for directed verdict on the grounds that plaintiff failed to present competent expert testimony concerning the standard of care for podiatrists practicing in the Nashville, Davidson County community during the years 1991 and 1992.

The Court was of the opinion that this motion was not well taken and it was denied.

On appeal to this Court, defendant states the issue as follows:

Whether the Trial Court erred in denying defendant's motion for directed verdict on the statute of limitations and holding as a matter of law that plaintiffs' cause of action was not time barred.

It is undisputed that this suit was filed more than a year after all services rendered by defendant except the final office visit on May 5, 1992. Nevertheless, plaintiffs insist that the statute of limitations had not expired on April 30, 1993, when this suit was filed, upon theories of continuing treatment and fraudulent concealment. In support of these theories, plaintiffs cite the following:

1. Defendant continued to treat Mrs. Stanbury to and including May 5, 1992, when he removed the sutures from her last surgery.

2. On May 5, 1992, defendant told the patient that healing would take about a year. In this respect, Mrs. Stanbury testified:

Q. Did Dr. Bacardi talk to you about how long it was going to take you to recover after he did surgery on your right toe?

A.  Only at the last visit where he decided that I wasn't pleased with it so he didn't like my response and he just said, "You've got to give it at least a year and then worry about it."

. . . .

Q.  Now, at this last office visit, did you complain to Dr. Bacardi about what was going on?

A.  Oh, yes.  Of course.

Q.  And what did he tell you about what to expect from your feet?

A.  He said that I was trying to resolve something that needed more time.  Needed time.  To give yourself a year and see what you feel after that.

. . . .

Q.  Well, was there any length of time mentioned or any indication given by him of how long you were going to be off work?

A.  Not until after everything was done.  When he said he couldn't do nothing for me he said, "Give it a year and see if you're happy then."

Defendant testified as follows:

Q.  Dr. Bacardi, you're telling the jury from here to here is straight?

A.  I also said that the digit is bandaged purposely in some over-correction at the time of surgery, and that's routine with the little toe, because they do tend to pull back in towards the fourth.

Sometimes we get that pulling in of the fifth toe towards the fourth toe down the road, a half year or a year later.  That's not unusual.  And what we do during the surgery is to bandage that toe in a little over-correction purposely.  And as time goes on, you will see the toe remains straight.

No other evidence is cited or found which would defeat the defense of statute of limitations.

-6-

T.C.A. Section 29-26-116 provides in pertinent part as follows:

**Statute of limitations. - Counterclaim for damages. -** (a) (1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.

(2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

"Discovery" means the discovery of the existence of a right of action, that is, facts which would support an action for tort against the tortfeasor. Such facts include not only the existence of an injury, but the tortious origin of the injury. *Hathaway v. Middle Tenn. Anaesthesiology,* Tenn. App. 1986, 724 S.W.2d 355.

This rule was previously followed by Tennessee Courts, *Teeters v. Curry,* Tenn. 1974, 518 S.W.2d 512, 93 A.L.R.3rd 207; but was codified by the quoted section of the Code. *Housh v. Morris,* Tenn. App. 1991, 818 S.W.2d 39.

The gravamen of plaintiffs' action is that, on December 11, 1991, defendant performed surgery negligently, without actual or informed consent, and without advising the patient of the lengthy recovery period to follow the surgery. The evidence is uncontradicted that plaintiffs discovered or should have discovered facts supporting each of these complaints more than a year prior to the institution of this suit on April 30, 1993.

As stated above, the complaint alleged the performance of unnecessary surgery. There is expert evidence that at least some of the surgery was unnecessary, but the claim for same is barred unless saved by the "discovery rule." No evidence is cited or found that plaintiff did not discover or should not reasonably discovered that the surgery was

unnecessary at least one year before this suit was filed. The brief of appellee does not rely upon this aspect of the rule.

There is no evidence that any fact necessary to support plaintiffs' suit was fraudulently concealed from them at such a time and under such circumstances as would extend the statutory time for bringing suit until April 30, 1993.

Plaintiffs rely upon the "continuing treatment doctrine." In *Frazor v. Osborne,* 57 Tenn. App. 10; 414 S.W.2d 118 (1966), a surgeon left a surgical sponge imbedded in the patient and thereafter continued to treat the unhealed incision without probing the incision for a foreign object. The Trial Court directed a verdict for the surgeon on the ground of the statute of limitations. This Court reversed and remanded for a new trial stating:

> Bearing in mind that there is evidence in this case to indicate that the professional relationship between the decedent and the defendant, Dr. J. W. Osborne, did not cease until the discovery of the imbedded sponge in May, 1961, or sometime after that, it is our view that the evidence is such that the question of whether or not this professional relationship did continue until within one year of the filing of the suit is one that should have been submitted to the jury, and, if found by the jury that said relationship continued until within the statutory period of one year, the question of liability for negligence would have been for the jury to decide.

*Frazor,* 57 Tenn. App. at 20.

In *Frazor,* the negligence included failure to discover the cause of the unhealed wound. So long as Dr. Osborne continued as the treating physician, his duty to discover and his failure to discover continued. Thus, under the circumstances of *Frazor,* the continuance of the physician relationship resulted in the continuance of the negligent failure to discover the sponge.

No such set of circumstances are shown in the present case. The professional relationship did continue, but there is no evidence that the negligence, if any, of defendant continued into the one year period preceding the filing of this suit. The only professional

services rendered within one year preceding suit was the removal of sutures on May 5, 1993; and there is no showing of any negligence in the removal of the sutures, or, for that matter, in the performance of the last surgery on April 3, 1992, which included the insertion of the sutures which were removed on May 5, 1992.

The opinion in *Frazor* contains some language which may be interpreted as supporting a rule that no statute of limitations or malpractice begins to run until the termination of the doctor-patient relationship. This Court does not so interpret such language which referred only to breach of duties (such as duty to discover) which continued so long as the physician continued to treat the disorder which resulted from the continued failure to discover the cause.

Moreover, since the recognition of the continuing treatment doctrine in *Frazor,* its applicability has been eroded or entirely eliminated by the above cited statute and subsequent decisions.

In *Housh v. Morris, supra,* this Court affirmed a summary judgment dismissing a medical malpractice suit and said:

> Since the holding in *Frazor,* our courts have adopted and continuously applied the "discovery rule." This rule is codified and made applicable to malpractice actions by T.C.A. § 29-26-116. The present action is governed by T.C.A. § 29-26-116.

For the foregoing reasons, this Court finds that the Trial Court erred in failing to direct a verdict for the defendant on the ground of the bar of the statute of limitations.

The judgment of the Trial Court in favor of both plaintiffs is reversed and vacated, and plaintiffs' suit is dismissed at their cost. The cause is remanded to the Trial Court for entry in conformity with this opinion and such other proceedings as may be necessary.

Reversed, Dismissed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE, CONCURS


WILLIAM C. KOCH, JR., JUDGE, FILES SEPARATE
OPINION CONCURRING IN PART AND DISSENTING IN PART.