# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 02, 2014 Session

## CONNIE REDMOND v. WALMART STORES, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C3247     Joseph P. Binkley, Jr., Judge**

_____

**No. M2014-00871-COA-R3-CV - Filed December 22, 2014**

_____

This is a personal injury case.  Appellant slipped and fell in a puddle of water while on Appellee's premises.  Appellant's attorney filed her complaint one day after the statute of limitations had run on her claim.  Appellee filed a motion for summary judgment, arguing that Appellant's suit was time-barred.  The trial court granted summary judgment in favor of Appellee.  Appellant appeals, arguing that the discovery rule tolled the statute of limitations because all of appellant's injuries could not be discovered on the same date as the fall.  Alternatively, Appellant argues that the trial court erred when it did not grant an enlargement of the statute of limitations under Tennessee Rule of Civil Procedure 6.02. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Robert L. Vogel, Knoxville, Tennessee, for the appellant, Connie Redmond.

G. Andrew Rowlett and Meredith L. Hiester, Nashville, Tennessee, for the appellee, Wal-Mart Stores, Inc.

# MEMORANDUM OPINION[1]

## I. Background

The facts in this case are not in dispute. On August 12, 2012, Connie Redmond ("Appellant") was shopping in Wal-Mart Store #668, located in Nashville, Tennessee. While inside the Wal-Mart store, Ms. Redmond slipped on a puddle of water and fell. She sustained injuries as a result of her fall. When Ms. Redmond first contacted her lawyer, he incorrectly recorded the incident as having occurred on August 13, 2012, when, in fact, it had occurred on August 12, 2012. On August 13, 2013, Ms. Redmond's attorney filed the complaint in the Davidson County Circuit Court against Wal-Mart Stores Inc. ("Appellee"). Ms. Redmond's complaint alleged that she suffered "a severe jolt to her pelvis and back," which "caused her to suffer serious and permanent injuries including, but not limited to, bruising, instability to her hip and pelvic area, and an aggravation of existing conditions." The complaint further alleged that the injury impaired Ms. Redmond's ability to walk. Wal-Mart filed its answer on September 12, 2013.

Subsequently, on November 1, 2013, Appellee filed a motion for summary judgment, arguing that the one-year statute of limitations barred Ms. Redmond's claim. In response, Appellant argued that the discovery rule tolled the statute of limitations and that the trial court could expand the statute of limitations under Tennessee Rule of Civil Procedure 6.02.

On January 31, 2014 and April 25, 2014, the trial court heard arguments on the motion for summary judgment and Appellant's response. In an order dated May 5, 2014, the trial court granted Appellee's motion for summary judgment. The trial court found "the discovery rule [does] not apply in this case." The trial court also found that "'excusable neglect' does not apply to counsel's failure to file a complaint … within the applicable one-year statute of limitations." Ms. Redmond appeals from the trial court's grant of summary judgment.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee states that:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## II. Issues

Appellant's only issue is whether the trial court erred in granting Appellee's motion for summary judgment. Appellant presents three arguments for review in regard to this issue:

    I.      That the trial court ignored the existence of genuine issues of material fact;

    II.     That the discovery rule tolled the statute of limitations; and

    III.    That the trial court should have granted an enlargement of the statute of limitations under Tennessee Rule of Civil Procedure 6.02.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. ***Abshure v. Methodist Healthcare-Memphis Hosps.***, 325 S.W.3d 98, 103 (Tenn. 2010).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. According to the Tennessee Legislature:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011).

## IV. Analysis

### A. Genuine Issues of Material Fact

Appellant first argues that summary judgment was improper because the case presents genuine issues of material fact. Specifically, Appellant asserts that genuine issues of fact exist regarding whether Ms. Redmond knew the extent of her injuries on the date she fell, and whether Appellant's counsel's failure to file the complaint within the statute of limitations constitutes excusable error. As discussed below, even if these issues are disputed, they do not preclude the grant of summary judgment.

### B. Discovery Rule

Appellant argues that while she suffered injuries on the day of the initial fall, she also suffered additional injuries as a result of the fall that she could not have initially discovered. As noted above, Appellant admits that her complaint was filed after the statute of limitations had run, but claims that because she suffered complications from her fall that were not discoverable at the time of the fall, the discovery rule tolls the statute of limitations, at least with regard to the complications that presented later after the date of the fall.

"Whether the applicable statute of limitations bars a claim is a question of law." ***Pier v. Jungkind***, 427 S.W.3d 922, 926 (Tenn. Ct. App. 2013). We review a trial court's conclusions of law *de novo*, with no presumption of correctness. ***Id.*** For the purposes of the discovery rule, "a plaintiff's cause of action accrues when he or she knows or, in the exercise of reasonable care and diligence should know, that he or she has sustained an injury as a result of the defendant's wrongful conduct." ***Id.*** We have also stated that a "cause of action in tort does not accrue until a judicial remedy is available." ***Wyatt v. A-Best, Co.***, 910 S.W.2d 851, 855 (Tenn. 1995). "A judicial remedy is available when (1) a breach of a legally recognized duty owed to the plaintiff by defendant (2) causes plaintiff legally cognizable damage." ***Id.*** (internal citations omitted). "Legally cognizable damages occur when plaintiff discovers 'facts which would support an action for tort against the tortfeasor.'" ***Id.*** (quoting ***Hathaway v. Middle Tennessee Anesthesiology, P.C.***, 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986)).

The trial court concluded that the discovery rule did not apply in this case. Ms. Redmond was not unaware on August 12, 2012 that she had sustained an injury from her fall, or that the fall "would support an action for tort against the tortfeasor." In fact, Ms. Redmond filed a report with Wal-Mart the same day as her fall. Appellant's brief states that she had initial pain and bruising as a result of the fall. From all of the circumstances, it is clear that, on the day of her fall, Ms. Redmond knew or should have known that the facts would support a lawsuit against Wal-Mart. "[T]he discovery rule does not delay the accrual of a cause of action and the commencement of the statute of limitations until the

plaintiff knows the full extent of the damages." ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 459 (Tenn. 2012). The fact that Ms. Redmond's injuries allegedly worsened after the date of her fall does not serve to invoke the discovery rule.[2] Because the statute of limitations was not tolled by the discovery rule in this case, the trial court did not err in granting summary judgment.

### C. Tennessee Rule of Civil Procedure 6.02

Appellant argues that the trial court erred when it failed to enlarge the statute of limitations under Tennessee Rule of Civil Procedure 6.02.[3] Although Appellant's brief is not explicit in the separation of its arguments, it appears that Appellant challenges both the trial court's factual finding that excusable neglect did not apply in this case and the trial court's decision not to enlarge the statute of limitations.

We review a trial court's decision to enlarge time for abuse of discretion. *See **Williams v. Baptist Memorial Hosp.**,* 193 S.W.3d 545, 551 (Tenn. 2006). A trial court abuses its discretion when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). An appellate court cannot substitute its judgment for that of the trial court when reviewing for abuse of discretion. ***Pratcher v. Methodist Healthcare Memphis Hospitals***, 407 S.W.3d 727, 741 (Tenn. 2013).

While Tennessee Rule of Civil Procedure 6.02 provides a trial court with discretion to enlarge the time period within which certain actions must be taken, it is not a mechanism for expanding statutes of limitations. Indeed, Appellant has cited no authority for its use in this way, nor has our research revealed any cases where Rule 6.02 has been used to expand the applicable statute of limitations. Accordingly, had the trial court granted an enlargement of time as requested by Appellant, to do so would have been an abuse of its discretion. The trial court correctly denied the motion, and we discern no error in that decision.

Because a trial court does not have the authority to enlarge a statute of limitations under Rule 6.02, a finding of excusable neglect is a non-issue here. Thus, Appellant's assertion

---

[2] There is no evidence in the record to support the contention that Ms. Redmond's injuries worsened.

[3] Tennessee Rule of Civil Procedure 6.02 states, in pertinent part:

> When by statute … an act is required … to be done at or within a specific time, the court for cause shown may, at any time in its discretion …(2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect…

that there is a genuine issue of material fact regarding whether counsel's late filing constituted excusable neglect is without merit.

The last day on which Appellant could have filed her complaint against Appellee was August 12, 2013. The complaint was filed one day late. Accordingly, Ms. Redmond's suit is barred by the statute of limitations, and the trial court correctly granted summary judgment in favor of Wal-Mart.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment to the Appellee, Wal-Mart Stores, Inc. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are taxed to the Appellant, Connie Redmond, and her surety, for which execution may issue if necessary.


_____

KENNY ARMSTRONG, JUDGE