J. B. FOSTER and Bettie Foster,
Appellees,

v.

Richard C. HARRIS, Appellant.

Supreme Court of Tennessee.

May 17, 1982.

J. Kimbrough Johnson, Thomason, Craw-ford & Hendrix, Memphis, for appellant.

Jack L. Halliburton, Thomas, Halliburton & Weissman, Memphis, for appellees.

## OPINION

FONES, Justice.

The issue in this medical malpractice suit is whether plaintiff's cause of action is barred by the statute of limitations. The trial court and the Court of Appeals held that the action was time barred. We reverse.

Plaintiff's complaint alleges that defendant, Harris, a dentist, was performing work on plaintiff's teeth and a dental bridge on October 11, 1975, when defendant lacerated his own finger and plaintiff's lip and that their blood intermingled; that approximately one month later plaintiff became ill and unable to work; that extensive tests were performed and in early January, 1976, plaintiff was informed that he was suffering from serum hepatitis, a disease that can be contacted and passed from one person to another only through blood contact. The complaint further alleges that plaintiff and his physicians conducted a diligent search in an effort to determine plaintiff's contact with serum hepatitis, to no avail, until he returned to defendant dentist on July 21, 1976, at which time defendant informed plaintiff that on October 11, 1975, defendant was infected with serum hepatitis. The complaint expressly alleges that plaintiff's cause of action did arise on or about July 21, 1976.

The complaint was filed on February 11, 1977. The trial court's decree granting defendant's motion to dismiss simply says the complaint was filed more than one year from the date of discovery of the alleged injury. The Court of Appeals held that the date of discovery was when plaintiff found out he had hepatitis, in January, 1976, and rejected plaintiff's contention that this court's decision in Teeters v. Currey, 518 S.W.2d 512 (Tenn.1974), dictated that discovery of the injury and accrual of the cause of action under these facts occurred on July 26, 1976. However, the Court of Appeals held that the complaint "minimally sets forth an action based on fraudulent concealment" and remanded for trial of the factual issue involved therein.

In the continuing saga of when the statute of limitations begins to run in tort cases, this case presents two unique questions. First, was the injury discovered upon diagnosis of the disease or upon dis-

covery that the source of the disease was a negligent act and, second, assuming that discovery of the injury occurred in January 1976, did the statute of limitations begin to run when neither the existence of nor the identity of a tort feasor was known to plaintiff? Our answer to the first question is that the discovery that the source of the disease was a negligent act triggers the statute of limitations. In our opinion the second question requires a negative answer.

In *Teeters*, after noting that the Legislature had amended the statute of limitations applicable to products liability cases so that plaintiffs would have one year from the date of the injury within which to file suit, in response to the holding in *Jackson v. General Motors*, 223 Tenn. 12, 441 S.W.2d 482 (1968), we said the following:

> "The same considerations of elemental justice would demand a similar rule in malpractice actions. We find it difficult to embrace a rule of law requiring that a plaintiff file suit prior to knowledge of his injury or, phrasing it another way, requiring that he sue to vindicate a nonexistent wrong, at a time when injury is unknown and unknowable." 518 S.W.2d at 515.

We then observed that in 1965 the General Assembly provided for a suspension of the statute of limitations when a defendant is out of the state beyond the reach of process, whereupon we continued as follows:

> "These two developments tend to indicate that the public policy of our state is opposed to requiring that suit be filed when circumstances totally beyond the control of the injured party make it impossible for him to bring the suit." *Id.*

The so-called "discovery doctrine" was fashioned to alleviate the intolerable result of barring a cause of action by holding that it "accrued" before the discovery of the injury or the wrong. In addition to the two quotes above, the entire thrust of *Teeters* is to that effect.

In *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975), we overruled *Jackson v. General Motors, supra,* on the rationale that a cause of action does not accrue until the "injury occurs or is discovered."

In this case, neither the injury nor the tort feasor who perpetrated the injury were discovered until July 21, 1976. All that plaintiff discovered in January was the name of the disease. That discovery did not reveal that he contracted it through a negligent act or who the tort feasor might be. In *McCroskey*, in addition to relying on the rationale of *Teeters*, we added the Hornbook principle that a cause of action in tort does not exist until a judicial remedy is available to the plaintiff; that before a judicial remedy exists, two elements must coalesce, (1) a breach of some legally recognized duty owed by the defendant to the plaintiff; (2) that causes the plaintiff some legally cognizable damage. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 489–90. It is axiomatic that no judicial remedy was available to this plaintiff until he discovered, or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty.

We hold that under the two statutes of limitations to be construed in this case, T.C.A. § 28–3–104 and T.C.A. § 29–26–116, plaintiff's cause of action accrued on July 21, 1976, and that this suit was timely filed, and remand for a trial on the merits.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.