# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION

FILED

August 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| PAUL G. BOWMAN, et ux., | ) C/A NO. 03A01-9703-CV-00092 |
| | ) |
| JAMES R. KIRKLAND, et ux., | ) KNOX CIRCUIT, DIVISIONS I, |
| | ) II, AND III |
| FRANK V. HENSLEY, et ux., | ) |
| | ) HON. HAROLD WIMBERLY, |
| Plaintiffs-Appellants, | ) JUDGE |
| | ) |
| v. | ) HON. WHEELER A. ROSENBALM, |
| | ) JUDGE |
| A-BEST COMPANY, INC., et al., | ) |
| | ) HON. DALE C. WORKMAN, |
| Defendants, | ) JUDGE |
| | ) |
| *    *    * | ) |
| | ) |
| OWENS-ILLINOIS, INC., | ) AFFIRMED |
| | ) AND |
| Appellee. | ) REMANDED |

HUGH B. BRIGHT, JR., M. DENISE MORETZ, WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, Knoxville, for Appellee.

GEORGE A. WEBER, III, EDWARD J. LILLY, and MIKE G. NASSIOS, LAW OFFICES OF PETER G. ANGELOS, P.C., Knoxville, and JOHN A. DAY, Nashville, for Plaintiffs-Appellants.

## O P I N I O N

Franks. J.

In these actions, plaintiffs claimed exposure to products containing asbestos, and alleged that they contracted asbestosis related diseases as a result of occupational exposure to asbestos-containing products.[1]

Defendant Owens-Illinois, Inc., filed a motion for "Dismissal and/or Summary Judgment", asserting that it sold its entire insulation products business as of April 30, 1958, and did not manufacture, sell or distribute any asbestos-containing products after April 30, 1958, and concluded that all exposure to its product, if any, was incurred more than ten years before the enactment of the Tennessee Products Liability Act, in 1978, which contained a ten-year statute of repose, i.e., Tennessee Code Annotated §29-28-103(a). The motion acknowledged that Tennessee Code Annotated §29-28-103(b) effective July 1, 1979 excluded application of 103(a)'s actions resulting from exposure to asbestos, but this amendment would not apply to claims barred before the enactment of the 1979 amendment.

The Trial Court, relying on *Wyatt v. A-Best Products Co.,* 924 S.W.2d 98 (Tenn. App. 1995), granted defendants summary judgment, and plaintiffs have appealed.

On appeal, plaintiffs argue that *Wyatt* does not address the issue presented in plaintiffs' opposition to the motion for summary judgment, i.e., plaintiffs had suffered an injury at the time of exposure, and thus acquired a cause of action, and "that an existing cause of action may not be extinguished by the subsequent passage of the Products Liability Statute of Repose." It is further argued that those undiscovered injuries caused by defendants' products "constitute a cause of action" and since the Tennessee Products Liability Act "can only be applied prospectively", its passage in

_____

[1]These cases were consolidated for the purposes of appeal and selected as representative of all such cases pending in the Circuit Court for Knox County, Tennessee, and by agreement of the parties the decision in these cases will be binding on all such cases now pending in those courts.

1978 "could have no effect upon an existing cause of action acquired by plaintiffs, but at that point undiscovered".  Plaintiffs' assertion that they "possessed an existing cause of action which could not be extinguished by the later enacted statute" is not supported by the cases.

The record for purposes of summary judgment essentially establishes that plaintiffs were exposed to asbestos prior to 1958, and suffered injury and damage from that exposure.  At the time of the passage of the Products Liability Act, plaintiffs were not aware that their exposure to the product had resulted in injuries to them, and it was a decade later that they "discovered" their injuries.

Plaintiffs argue that *Jones v. Morristown-Hamblen Hospital Ass'n, Inc.,* 595 S.W.2d 816 (Tenn. App. 1979) "is directly on point", quoting at page 821:

> Under *Teeters,* decedent had only a "cause of action" which had the potential to ripen into a "right of action".  She had no present right to sue until her action accrued, discovery being a condition precedent to the action.  On the effective date of the Act, decedent had not discovered her injury; her right of action under *Teeters* had not accrued.  The right of action which had been vested under prior law had expired.

It is universally held that an act or omission whereby one sustains injury, no matter how slight, starts the statute of limitations running.  *Limitations of Action,* 51 Am.Jur.2d §109, p.681.  We held in *Jones* in the next paragraph after the above quote, "application of §23-34-15(a) to this suit does not impair any vested right of action existing at the time of its effective date and is, therefore, constitutionally permissible." (Emphasis applied).  The facts of these cases are similar to *Jones.*  No causes of action existed as defined by the cases on behalf of these plaintiffs at the time the statute was passed in 1978.  In *Wyatt v. A-Best Co.,* 910 S.W.2d 851 (Tenn. 1995), the Supreme Court said:

> [a] cause of action in tort does not accrue until a judicial remedy is available.  *Potts v. Celotex Corp.,* 796 S.W.2d at 681; *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn. 1982).  A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage.  *Potts v. Celotex Corp.,*

3

796 S.W.2d at 681. A breach of a legally cognizable duty occurs when plaintiff discovers or "reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced . . . injury; and (2) the identity of the defendant who breached the duty." *Foster v. Harris,* 633 S.W.2d at 305. Legally cognizable damages occur when plaintiff discovers "facts which would support an action for tort against the tortfeasor. . . ." P.855.

The Supreme Court in *Cronin v. Howe*, 906 S.W.2d 910 (Tenn. 1995) elucidated the operational difference between a statute of limitations and a statute of repose. The Court said:

[w]here the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action *accrues*, the three-year medical malpractice statute of repose limits the time within which an action may be *brought*, but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued. . . . That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy.

In these cases the causes of action had not accrued, and the statute of repose had the effect of barring the right and remedy before they accrued which, as *Cronin* notes, is permissible.

The Trial Court appropriately relied on Judge Susano's opinion in *Wyatt v. A-Best Products Co.,* 924 S.W.2d 98 (Tenn. App. 1995). *Wyatt* said "since the ten-year period set forth in T.C.A. §29-28-103(a) is a statute of repose, we do not believe it is logical to focus on the date of accrual, since, as noted above, the statute runs from the triggering event without regard to accrual",[2] and held that "*Wyatt's* claim was barred by the T.P.L.A. before he could be rationally expected to have been aware that he suffered an injury". P.104.

Accordingly, we affirm the judgment of the Trial Court and remand at plaintiffs' cost.

---

[2]As we noted in *Jones*, the "accrual" date is relative only in those cases where the cause of action had accrued before the passage of a statute of repose.

4

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS OF TENNESSEE

PAUL G. BOWMAN, et ux.,               ) C/A NO. 03A01-9703-
CV-00092
                                      )
JAMES R. KIRKLAND, et ux.,            )
                                      )
FRANK V. HENSLEY, et ux.,             )
                                      )
        Plaintiffs-Appellants,)
                                      )
                                      )
                                      )
v.                                    ) APPEAL AS OF RIGHT FROM
THE
                                      ) KNOX COUNTY CIRCUIT COURT
                                      )
                                      )
A-BEST COMPANY, INC., et al.,         )
                                      )
        Defendants,                   )
                                      )
                                      )
        *    *    *                   )
                                      ) HONORABLE HAROLD WIMBERLY,
OWENS-ILLINOIS, INC.,                 ) HONORABLE WHEELER A.
ROSENBALM,
                                      ) HONORABLE DALE C. WORKMAN,
        Appellee.                     )    JUDGES

FILED

August 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CONCURRING OPINION

        I concur in Judge Franks' opinion.  I adhere to the opinion authored by me in the case of **Wyatt v. A-Best Products Co**., 924 S.W.2d 98 (Tenn.App. 1995), *perm. app. den.* May 28, 1996.  I agree with Judge Franks that the result in that case, and, I would add, the reasoning advanced to support it, fully answer the issue of statutory interpretation raised by the plaintiffs.  I write separately to further respond to the

plaintiffs' issue regarding statutory construction.  I note, parenthetically, that the plaintiffs acknowledged at oral argument that their constitutional issues could not be addressed by this court since, as the plaintiffs apparently concede, a resolution of those issues in their favor would require an overruling of controlling Supreme Court precedent. Obviously, this is not our prerogative.

When the General Assembly enacted the Tennessee Products Liability Act of 1978 (TPLA), it did so in response to a perceived problem related to the availability and cost of product liability insurance, and the impact of these issues on manufacturers, distributors, and consumers.  The preamble to the enacting legislation, Chapter 703 of the Public Acts of 1978, effective July 1, 1978, is instructive:

> WHEREAS, The General Assembly finds and declares that the number of product liability suits and claims for damages and the amount of judgments, settlements and the expense of defending such suits have increased greatly in recent years, and because of these increases the cost of product liability insurance has substantially increased.  The effect of increased insurance premiums and increased claims has increased product cost through manufacturers, wholesalers and retailers passing the cost of the premium to the consumer.  Further, certain product manufacturers are discouraged from continuing to provide and manufacture such products because of the high cost and possible unavailability of product liability insurance; and
>
> WHEREAS, In view of these recent trends and for the purpose of alleviating the adverse effects which these trends are producing, it is necessary to protect the public interest by enacting measures designed to make product liability insurance more readily available at a reasonable cost so that product cost may

7

be lessened to the consumer; and

WHEREAS, In enacting this act, it is the purpose of the General Assembly to provide a reasonable time within which action may be commenced against manufacturers, and/or sellers while limiting the time to a specific period of time for which product liability insurance premiums can be reasonably and accurately calculated; and to provide other changes to expedite early evaluation and settlement of claims; . . .

I cannot reconcile the plaintiffs' position regarding the interplay between their claims and the ten-year statute of repose in the TPLA, with the purpose behind that enactment -- an *immediate* response to a perceived insurance problem, and its aftermath, of the magnitude expressed by the General Assembly. Whether such a problem existed, in fact, is not the issue. The General Assembly believed that it did and enacted legislation to address it. I believe that the legislative body intended that an unfiled, unknown claim for damages resulting from a produce that had been in use for more than ten years as of July 1, 1978, would be extinguished, *as of that date* -- both the right and the remedy. I believe that any other interpretation of that statute of repose is at odds with the purpose of the TPLA. This is primarily because the continued viability of latent injury claims associated with products that had been in use for more than ten years as of July 1, 1978, would be a serious impediment to resolving the very problem that the General Assembly sought to address when it enacted the TPLA.

We must interpret a statute in a way that is consistent with its purpose. *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn.App. 1995). In my judgment,

8

a delayed implementation of this particular statute of repose is the antithesis of the purpose behind the legislation in question. Had the General Assembly intended to exclude latent claims from the effect of the ten-year statute of repose, or had it intended to limit the statute's application to products "purchased for use or consumption" on or after the effective date of the legislation, it could have so provided. However, it failed to do so. I believe that these omissions, taken together with the purpose of the statute and the clear import of the language employed by the legislative body, all militate in favor of our interpretation of the TPLA's statute of repose.

_____
Charles D. Susano, Jr., J.