IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2002

## EXTENDICARE INTERNATIONAL, INC., ET AL. v. JAMES P. ANDERSON, III, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2086     Walter C. Kurtz, Judge**

---

**No. M2001-02265-COA-R3-CV - Filed December 5, 2002**

---

Appellants filed a legal malpractice action against James P. Anderson, III on July 20, 1999. Appellants filed an Amended Complaint against Anderson III on February 14, 2001 and, in such Amended Complaint, asserted for the first time a claim against James B. Anderson, II and his law firm, Anderson & Bridges. The trial court granted summary judgment to Anderson II and Anderson & Bridges upon a finding, as a matter of law, that the statute of limitations as to them had expired. We affirm the action of the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and WILLIAM C. KOCH, JR., J., joined.

Elliott Ozment, Nashville, Tennessee, for the appellants, Extendicare International, Inc., Extendicare of Colorado, Inc., Extendicare of Texas, Inc., and Gerald Hunter.

Darrell G. Townsend and Neil M. McIntire, Nashville, Tennessee, for the appellees, James P. Anderson, III, James P. Anderson, II, and Anderson & Bridges.

### OPINION

Prior to February 16, 1996, Appellant, Gerald Hunter, was sole stockholder of Plaintiff/Appellant corporations, Extendicare International, Inc., Extendicare of Colorado, Inc., and Extendicare of Texas, Inc. At some time near January 1, 1996, Hunter employed James P. Anderson, III (Anderson III) to represent him and his Extendicare corporations in an action for breach of contract and tortiuous interference with business expectations against Ampro Financial Partners, L.P. and certain related entities. On February 16, 1996, such a suit was filed by Anderson

III in the Circuit Court for Davidson County, Tennessee, but was dismissed for failure to prosecute on July 23, 1998.

James P. Anderson, Jr. (Anderson II) is the father of Anderson III and, at all times pertinent in this case, was a practicing lawyer in Chattanooga, Tennessee, either as a partner in the firm of Anderson & Bridges or part of an association of attorneys under the same firm name. Anderson III, beginning in January of 1996, was a solo practitioner with offices in Nashville, Tennessee.

On July 20, 1999, Gerald Hunter and his three corporate entities filed suit against Anderson III for malpractice in handling the Ampro Financial Partners, L.P. litigation. On or about October 27, 2000, Anderson III responded to Plaintiffs' interrogatory requesting the name of his professional liability carrier, as follows: "My understanding is that from approximately January 1996 through August 1996, I was added as an additional insured to the Professional Liability Insurance Policy of my father. . . . At the time of [sic] the alleged act of malpractice occurred, I had no professional liability insurance coverage."

On February 14, 2001, Plaintiffs filed their Amended Complaint adding Anderson II and his law firm, Anderson & Bridges, as parties/defendants to this malpractice action. On May 3, 2001, Anderson II and Anderson & Bridges filed a Motion to Dismiss under Tennessee Rule of Civil Procedure 12.02, attaching to such Motion the affidavits of both Anderson II and Anderson III. On June 25, 2001, Plaintiffs filed their response to the Motion of Anderson II and Anderson & Bridges asserting, correctly, that because of the affidavits filed with the Motion it would have to be treated as a motion for summary judgment pursuant to Rule 56.02. Attached to this response was the Affidavit of Gerald Hunter.

On August 17, 2001, the trial court entered an order treating the Motion as one for summary judgment and granted the Motion, holding:

The Court specifically finds that there are no disputes as to material facts and that those undisputed facts show the Defendants Anderson, II and Anderson & Bridges to be entitled to judgment as a matter of law. It is uncontroverted that Gerald Hunter knew, as of sometime late in 1995 and early in 1996, that James Anderson, II and James Anderson, III had consulted concerning the underlying litigation out of which the present attorney malpractice claim arises and that Hunter himself discussed that litigation with James Anderson, II. Hunter's affidavit establishes that he knew that James Anderson, II and James Anderson, III were collaborating with respect to the underlying litigation. The Plaintiffs' Amended Complaint asserts that the Plaintiffs contracted with James Anderson, II, and James Anderson, III, and Anderson & Bridges late in 1995. Assuming these facts to be true, and, construing all facts in the light most favorable to the Plaintiffs as the Court must do at this stage of these proceedings, the Court is of the opinion that the statute of limitations on any claim for attorney malpractice against James Anderson, II and Anderson & Bridges ran well before February 14, 2000, i. e., one year before

-2-

the February 14, 2001 filing of the Amended Complaint naming James Anderson, II and Anderson & Bridges as Defendants in this lawsuit.

The Court further finds that the Plaintiffs, having been on notice of the Motion to Dismiss by James P. Anderson, II and Anderson & Bridges since its filing on May 3, 2001, have pursuant to Rule 56.06 made insufficient showing to convince the Court that more time should be granted for discovery and that a ruling on this motion should be postponed.

The Court further finds that there is no just reason for delay and that this judgment should, pursuant to Rule 54.02, T.R.C.P., be designated a final judgment.

It is therefore ORDERED that the motion of Defendants James P. Anderson, II and Anderson & Bridges to dismiss is hereby granted and that all claims against these Defendants are dismissed.

So it is that the malpractice action against Anderson III is still pending in the trial court, and, pursuant to the finality designation under Rule 54.02, Plaintiff has appealed the case as to Defendants Anderson II and Anderson & Bridges.

Appellate review of trial court action on a motion for summary judgment involves a question of law and is reviewed *de novo* with no presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). The party seeking summary judgment has the burden of demonstrating to the court that there are no disputed material facts creating a genuine issue for trial. "Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993).

The "discovery rule," originally implemented in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974), applies in legal malpractice actions and runs from the time that Plaintiff discovers or reasonably should discover that he has suffered "legally cognizable injury" or "actual injury." *Carvell v. Bottoms*, 900 S.W.2d 23, 30 (Tenn. 1995).

Unquestionably, Plaintiffs knew they had suffered a "legally cognizable injury" from the conduct of Anderson III at the time they filed their original Complaint against him on July 20, 1999. The determinative question on this appeal is, when should they have discovered that Anderson II and Anderson & Bridges were persons responsible for their "legally cognizable injury." *Foster v. Harris*, 633 S.W.2d 304 (Tenn. 1982).

Appellant is entitled, as the nonmoving party on motion for summary judgment, to have the facts construed most strongly in his favor and to have all inferences to be drawn from those facts construed in his favor. *Hall*, 847 S.W.2d at 210-11. Summary judgment may then be granted only if there remains no genuine issue of material fact to be tried, and the moving party is, thus, entitled to judgment as a matter of law on such undisputed facts. If there is a genuine issue as to material facts or if there is doubt as to whether or not such issues exist, the motion must be denied. *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975).

Appellants assert that they did not discover their cause of action against Anderson II and Anderson & Bridges until Anderson III disclosed, in answers to interrogatories on October 27, 2000, that Anderson III was an additional insured under the malpractice insurance policy of Anderson II and Anderson & Bridges. Assuming this to be true, it does not answer the controlling question of when, by the exercise of reasonable diligence, Appellants should have discovered their right of action against Anderson II and Anderson & Bridges.

In his Affidavit opposing the Motion for Summary Judgment, Gerald Hunter asserted:

1. In the fall of 1995, I was living in Memphis, Tennessee. In October, 1995, I began discussions with James Anderson III (hereafter, Anderson III) in his office in Nashville to represent me and my companies in litigation initiated by the Complaint previously referred to as Exhibit A in the original complaint in this action (hereafter referred to as Exhibit A).

2. In or about December, 1995, in the middle of preparing Exhibit A, I was visiting with Anderson III in his office in Nashville. Anderson III had just faxed a draft of Exhibit A to Anderson II. While I was in the office, Anderson II called in response to the fax and Anderson III gave me the phone. Anderson II said he had read the faxed complaint and said it looked like a good lawsuit, especially on the issue of usury. During this conversation about my case, we struck up a good "telephone relationship" because we also talked at length about his upcoming prostate surgery and I shared my experiences with him about the prostate surgery I had just had in September, 1995.

3. In or about January, 1996, I was visiting Anderson III in his office in Nashville again. Anderson III had made more changes to the complaint which he faxed to Anderson II. While I was in the office, Anderson II called Anderson III to go over changes that had been made to Exhibit A. Anderson II told Anderson III that no monetary amount should be specified in the complaint and that the reference to $13 million in damages should be deleted from the complaint.

4. The filing of Exhibit A was delayed four to five days while other changes were contemplated and made by Anderson II.

5. Exhibit A was filed on February 17, 1996. Shortly after this, Anderson III received notice from the attorneys representing the defendants in Exhibit A that the defendants had filed for bankruptcy and that any damage claims should be pursued in federal bankruptcy court rather than in state court through Exhibit A and that filing Exhibit A was an act in contempt of a bankruptcy court order. I have personal knowledge that Anderson III consulted with Anderson II relative to the issues involved with disposing of this motion in federal bankruptcy court.

6. There was a Motion to Dismiss filed in the state court lawsuit. Anderson III and Anderson II collaborated extensively in responding to the Motion to Dismiss and worked together to file a Brief. The motion to dismiss was denied, thanks to the successful work of Anderson III and Anderson II.

As did the trial court, we can draw no other conclusion from the recitations in this Affidavit but that Appellants knew or should have known, well before February 14, 2000, of their claim against Anderson II and Anderson & Bridges. All of the information set forth in the first seven paragraphs of the Affidavit of Gerald Hunter were clearly known to Appellants before the initial malpractice claim was filed against Anderson III on July 20, 1999. Strongly indicative of the necessary knowledge to trigger the discovery rule is paragraph six of the affidavit providing:

> 6. There was a Motion to Dismiss filed in the state court lawsuit. Anderson III and Anderson II collaborated extensively in responding to the Motion to Dismiss and worked together to file a Brief. The motion to dismiss was denied, thanks to the successful work of Anderson III and Anderson II.

The record does not disclose when this motion to dismiss the underlying case was denied, but of necessity, denial predated the dismissal of the underlying action for failure to prosecute on July 23, 1998.

Hunter asserts in the Affidavit that, when he filed the original Complaint, he was not aware of the existence or nature of the legal relationship between Anderson III and Anderson II. He then states, "I was frustrated in my discovery attempts to learn of this relationship . . . ." The record, however, discloses no discovery attempts to learn of the relationship between Anderson III and Anderson II. Neither set of interrogatories seeks discovery of anything other than legal malpractice insurance covering Anderson III.

Legal malpractice actions are governed by the one year statute of limitations provided by Tennessee Code Annotated section 28-3-104(a)(2). "It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action'; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as the result of wrongful conduct." *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994); *see also Bottoms*, 900 S.W.2d at 29.

Considering the Hunter Affidavit and all other matters set forth in the record in the light most favorable to Appellants, the only reasonable conclusion to be drawn is that they knew or, with the exercise of reasonable diligence, should have known more than a year before they filed the Amended Complaint of February 14, 2001 that they had a cause of action against Anderson II and Anderson & Bridges.

The action of the trial judge in granting summary judgment to Anderson II and Anderson & Bridges is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary.

Costs on appeal are assessed against Appellants.

_____
WILLIAM B. CAIN, JUDGE