SUHRHEINRICH, J.,
dissenting:
Because I believe Plaintiff Jimmy Stratton reasonably could have discovered that he had a cause of action as of September 21, 1999, I would hold that this suit is barred by Tenn.Code Ann. § 28-3-105 (2006). I therefore dissent.
As the majority notes, the Tennessee Supreme Court has adhered to the following discovery rule in tort actions for over thirty years: “[T]he cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.” McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn.1975) (footnotes omitted). Under the discovery rule, “mere ignorance and failure of a plaintiff to discover” his cause of action is not sufficient to toll the running of the statute of limitations. Hall v. DeSaussure, 41 Tenn.App. 572, 297 S.W.2d 81 (1956); 21 Tenn. D.2d Limitation of Actions § 959a (1987); 54 C.J.S. Limitations § 116 (2006). An exception may apply where the plaintiffs failure to discover his cause of action results from the defendant’s fraudulent concealment of the cause of action.
In reaching its decision, the majority relies on the two-part test from the Tennessee Supreme Court’s opinion in Foster v. Harris, 633 S.W.2d 304 (Tenn.1982). In doing so, the majority has applied the exception rather than rule, even though Stratton neither pled nor offered evidence of fraudulent concealment.
Foster involved “unique questions” not at issue in this case, and its holding must be limited to its facts. See id. at 304. In Foster, the plaintiff first learned of his illness in early January 1976, after extensive testing revealed that he had serum hepatitis. Id. at 304. At that point, “the plaintiff and his physicians conducted a diligent search” in an effort to discover the source of the illness. Id. The plaintiff did not learn that he had contracted it as a result of a negligent act, by a tortfeasor— therefore making it an injury — until July 1976, however, when the tortfeasor dentist informed him that he had the disease. Id. at 305 (“In this case, neither the injury nor the tortfeasor who perpetrated the injury were discovered until July 21, 1976.”) (Emphasis added.). Thus, in Foster, the tortfeasor’s fraudulent concealment prevented the plaintiff from knowing not only the existence or identity of the tortfeasor, but fact of the injury itself, despite knowledge of the illness. Further, once the Foster plaintiff became simultaneously aware of both the injury and the tortfeasor, he filed suit within seven months. Thus, the Foster test — that “no judicial remedy was available to this plaintiff until he discovered, or reasonably *502 should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty” — must be interpreted in the context of the Foster facts and not treated as a broad transformation of the discovery rule as stated in McCroskey.
By contrast, in this case, Stratton knew, or in the exercise of reasonable care, should have known, of his injury as early as September 21, 1999. By then, Los Lonely Boys had taken numerous actions evincing their intent to work with persons other than Stratton. As the majority opinion reflects, in late 1999, Los Lonely Boys failed to show for several appearances and conferences scheduled by Stratton, and failed to pay him any commissions when they did perform. They failed to record music, as Stratton had arranged, and failed to perform at a BMI Showcase in Nashville on January 6, 2000, as Stratton had arranged. Any lingering doubt was dispelled in March 2000, when Garza’s counsel informed Stratton that they were terminating their agreement with him. And, by this time, by his own admission, Stratton was “further concerned that there are third parties that may have gained the collective ear of the band and may be at the root of Los Lonely Boys’ desire to walk away [from him].”
In other words, unlike the plaintiff in Foster, Stratton had full knowledge that a wrong had occurred and that he was injured, and that third-party interference likely played a role by September 1999. Thus, at that point in time, even if he did not know who the tortfeasor was, Stratton was obligated to exercise reasonable diligence in trying to find out. Stratton, as a band manager, had experience in the record industry, and could no doubt have discovered what role, if any, Wommack was playing in the Los Lonely Boys’ professional career. Stratton could also have made a formal inquiry during the discovery phase of the state court proceedings. For instance, Stratton could have sent the Los Lonely Boys an interrogatory requesting the names of all persons that Los Lonely Boys have paid commissions to for booking their gigs after 1999. Instead, he did nothing until he stumbled across the Austin American Statesman article in August 2003. But Stratton’s serendipitous find is not the measure of the appropriate accrual date; rather the test is when the plaintiff discovered the injury, or reasonably could have discovered that he had a cause of action.
Thus, although an accrual date is frequently a question of fact, here the evidence is neither conflicting nor subject to different inferences. See Prescott v. Adams, 627 S.W.2d 134, 139 (Tenn.Ct.App. 1981). There is no factual dispute about the level of inquiry Stratton exercised — he did not conduct any until 2003. Thus, summary judgment on the issue was appropriate.
For these reasons, I would AFFIRM the judgment of the district court.