# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 5, 2025 Session

## DONALD BARTSCH, JR. v. PREMIER ORTHOPAEDICS & SPORTS MEDICINE, PLC

### Appeal from the Circuit Court for Davidson County
No. 23C2933  Lynne T. Ingram, Judge

_____

### No. M2024-00971-COA-R3-CV

_____

This is a health care liability case that centers around the application of the discovery rule. The trial court granted the defendant's motion to dismiss with prejudice after determining that the discovery rule did not toll the accrual of the statute of limitations to the time asserted by the plaintiff. The trial court based this determination on two independent bases. The first basis was predicated on certain information provided by the defendants, which was taken from the Tennessee Secretary of State's website. The trial court took judicial notice of this information and determined that it indicated that a reasonable person would have been able to discover the identity of the defendant. The second basis, an express alternative finding, stated that even if the information was not considered, sufficient information existed in exhibits attached to the plaintiff's complaint to support its determination. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and JEFFERY USMAN, JJ., joined.

Clinton L. Kelly and F. Dulin Kelly, Hendersonville, Tennessee, for the appellant, Donald Bartsch, Jr.

Nathaniel T. Gorman and James E. Looper, Jr., Nashville, Tennessee, for the appellee, Premier Orthopaedics & Sports Medicine, PLC.

## OPINION

### I.     FACTS & PROCEDURAL HISTORY

On April 13, 2022, Mr. Donald Bartsch Jr., the plaintiff in this matter, visited an orthopedic clinic for a surgical consultation with Dr. John Burleson, an orthopedic spine surgeon.[1]  Later that month, Dr. Burleson performed two surgical procedures on Mr. Bartsch.

On April 6, 2023, Mr. Bartsch sent letters to Dr. Burleson and several other healthcare providers, which he intended to serve as pre-suit notice of a health care liability lawsuit as required by Tennessee Code Annotated section 29-26-121(a)(1).  Notably, one of the addresses listed for Dr. Burleson was at "Hughston Clinic Orthopaedics, PC."  We have reproduced a portion of this letter as follows:

---

[1] This case was dismissed prior to discovery taking place.  Accordingly, our recitation of the facts is derived from the pleading documents.

**ATTORNEYS**
O†♦F. DULIN KELLY
dulin@kellyfirm.net
O♦CLINTON L. KELLY
clint@kellyfirm.net

629 EAST MAIN STREET
HENDERSONVILLE, 37075
www.kellyfirm.net



THE
**KELLY FIRM**
MEDICAL MALPRACTICE

**PARALEGALS**
P. MICHELE MIZE
KAREN SAGER
RACHEL SUZZANNE HOWE

TELEPHONE(615) 800-0000
FACSIMILE(615) 824-2674

April 6, 2023

<u>VIA USPS CERTIFIED, RETURN RECEIPT</u>

**The Hughston Clinic Southeast, P.C.**
███████████████

**The Hughston Clinic Southeast, P.C.**
███████████████████
███████████

**HCA Health Services of Tennessee, Inc.**
d/b/a TriStar StoneCrest Medical Center
████████████
████████████████

**CT Corporation System**
Registered Agent for HCA Health Services of
Tennessee, Inc.
████████
████████████

**CT Corporation System**
Registered Agent for The Hughston
Clinic Southeast, P.C.
███████████████████

**HCA Health Services of Tennessee, Inc.**
d/b/a TriStar StoneCrest Medical Center
███████████
███████████

**John R. Burleson, M.D.**
███████████████

**John R. Burleson, M.D.**
Hughston Clinic Orthopaedics, PC
███████████████

Re: **Pre-suit Notice of Health Care Liability Claim**

Full name, date of birth, and address of the patient whose treatment is at issue:

Patient: **Donald Bernard Bartsch, Jr.**
Date of birth: ████████████
Address: ██████████████████████████ TN 37072

---

O Certified as a Medical Malpractice Specialist
† Certified as a Civil Trial Advocate by National Board of Trial Advocacy
♦ Certified by the American Board of Professional Liability Attorneys in the field of Medical Professional Negligence

EFILED 12/18/23 05:09 PM CASE NO. 23C2933 Joseph P. Day, Clerk

- 3 -

Subsequently, Mr. Bartsch filed a lawsuit in federal court on July 26, 2023, in which he named "The Hughston Clinic Southeast, P.C." as the sole defendant. This suit was based on a theory of vicarious liability, as Mr. Bartsch asserted this provider was Dr. Burleson's employer at the time the surgery was performed. The provider was a Georgia corporation, and the lawsuit was filed in federal court based on diversity jurisdiction. Dr. Burleson was not named as a defendant. The Hughston Clinic Southeast, P.C. answered the complaint on September 18, 2023. It averred that it was not Dr. Burleson's employer and thus not a proper party to the lawsuit. Instead, it identified Premier Orthopaedics & Sports Medicine, PLC, doing business as Hughston Clinic Orthopaedics, as the proper party. Again, "Hughston Clinic Orthopaedics, PC" was listed as one of the addresses of Dr. Burleson in the pre-suit notice letter sent prior to the filing of the federal complaint. It was not listed as a separate recipient, but rather, was listed under Dr. Burleson's name as an entity and address. Subsequently, the federal lawsuit was dismissed.

On October 16, 2023, Mr. Bartsch sent Premier Orthopaedics & Sports Medicine, PLC ("Premier Orthopaedics") a letter that he intended to serve as pre-suit notice. He filed a new health care liability claim in state court on December 18, 2023, which named Premier Orthopaedics as the defendant and asserted a claim based on vicarious liability. Mr. Bartsch stated in his complaint that he "reasonably believed The Hughston Clinic Southeast, P.C. was 'The Hughston Clinic'" and was Dr. Burleson's employer when he filed the federal lawsuit. He further stated that he "did not discover [Premier Orthopedics] caused his injury until September 18, 2023," when The Hughston Clinic Southeast, P.C. filed its answer. He also claimed that he provided The Hughston Clinic Southeast, P.C. and Dr. Burleson effective pre-suit notice and thus they were required to provide the identity of Premier Orthopaedics within 30 days of having received the notice. *See* Tenn. Code Ann. § 29-26-121(a)(5).[2] He claimed that both The Hughston Clinic Southeast, P.C. and Dr. Burleson violated this requirement, and thus, the accrual of the statute of limitations should have been delayed to the time the disclosure was made. *See* Tenn. Code Ann. § 29-26-116(a)(2).

On January 25, 2024, Premier Orthopaedics filed a motion to dismiss the complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to provide pre-suit notice prior to the statute of limitations expiring. The parties litigated the issue extensively. On May 15, 2024, Premier Orthopaedics filed an additional brief on its position, to which it attached information taken from the Tennessee Secretary of State's website in the form of exhibits. This information indicated that Premier Orthopaedics had been doing business under the assumed name of "Hughston Clinic Orthopaedics, PC" when the surgeries at issue took place and this assumed name had been registered. The first hearing on the

---

[2] This statute provides where a person, entity, or health care provider receives pre-suit notice of a potential claim in accordance with subsection (a), that "the person, entity, or health care provider shall, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant." Tenn. Code Ann. § 29-26-121(a)(5).

motion to dismiss took place on May 17, 2024. Counsel for Premier Orthopaedics maintained that actual notice of a defendant's identity was not necessary for accrual of a claim pursuant to the discovery rule. Rather, he claimed that Mr. Bartsch was on inquiry notice, which would charge the plaintiff with knowledge of facts which would have been known to or discovered by a reasonable person. Further, counsel asserted that the pre-suit notice letters provided were ineffective regardless of whether they were timely as they permitted the disclosure of records only to Mr. Bartsch's counsel. Counsel also claimed that it would be proper for the trial court to take judicial notice of the documents taken from the Secretary of State's website without converting the motion to dismiss to one for summary judgment. However, he also maintained that there was enough information present in the record to permit the granting of the motion to dismiss without judicial notice being taken of the additional information provided.

Conversely, Mr. Bartsch's counsel again raised issue with not having been informed by The Hughston Clinic Southeast, P.C., or Dr. Burleson of the existence of Premier Orthopaedics. Counsel also maintained that the complaint alleged that Mr. Bartsch did not discover Premier Orthopaedics was the employer of Dr. Burleson until September 2023, and that the trial court was required to accept this as true in the motion to dismiss phase. He also asserted that it would be inappropriate to consider the information taken from the Secretary of State's website as it was not taken from the pleadings. Counsel stated that because Mr. Bartsch did not learn the identity of Premier Orthopaedics until September 18, 2023, the claim did not accrue until that time. However, Mr. Bartsch's counsel also indicated that he had not read the motion to dismiss to assert the pre-suit notice provided was ineffective and requested additional time to prepare a response to that contention. This request was granted, and the hearing concluded.

Subsequently, a second hearing was held on June 7, 2024. At that hearing, Mr. Bartch's counsel addressed the issue pertaining to the validity of pre-suit notice and also reaffirmed his assertion that Mr. Bartsch's pleadings as to his knowledge of the identity of Premier Orthopaedics had to be accepted as true at the motion to dismiss phase. He also maintained his stance that the evidence taken from the Secretary of State's website was not subject to judicial notice. Later, he qualified this contention, stating his primary concern was not with information having been taken from the Secretary of State's website, but rather that the taking of judicial notice of the information would require that an inference be made in favor of Premier Orthopaedics. He argued that the trial court was inferring that the information obtained in 2024 would have "existed back in April of 2022 or that it appeared the way" in 2022 as it did at the time of the hearing.

However, counsel for Premier Orthopaedics again maintained that the information was subject to judicial notice. He reaffirmed his contention that there was enough information contained in the pleadings to support a decision to grant the motion to dismiss if judicial notice was not taken of the information taken from the Secretary of State's

website.  Counsel brought attention to the pre-suit notice transmitted in anticipation of the federal case and specifically stated:

> I think the Court would be able to look at the pre-suit notice from April 6th, 2023, see that there are additional entities involved there, see that there is a different address for Dr. Burleson that lists this Hughston Clinic Orthopaedics, PC, see that they have looked behind what the d/b/a of TriStar Stonecrest Medical Center and say that a reasonable person would have or should have discovered Premier Orthopedics Sports Medicine and the discovery rule began.  It showed the discovery rule statute of limitations began to run on April 27th, 2023, and their claims are barred because they're probably beyond that.

The trial court then announced its ruling.  The trial court stated that it would take judicial notice of the information taken from the Secretary of State's website and placed considerable importance on Exhibit 5 of those documents which demonstrated that Premier Orthopaedics changed their assumed name to Hughston Clinic Orthopaedics.  The trial court explained that this information demonstrated that a reasonable person would have been able to identify Premier Orthopaedics in April 2022, and thus the statute of limitations accrued at that time.  Additionally, the trial court stated that regardless of the information obtained from the Secretary of State's website, enough information was contained in "Collective Exhibit A" attached to Mr. Bartsch's complaint (which both parties acknowledged was proper for consideration) to place a reasonable person on notice of the need to perform due diligence in investigating information pertaining to Premier Orthopaedics.

The trial court memorialized these findings in an order entered July 2, 2024, in which it granted the motion to dismiss with prejudice.  The trial court again stated that it was taking judicial notice of the exhibits filed by the defendant, including the information obtained from the Secretary of State's website.  It found that Mr. Bartsch knew or should have known of the alleged tortious conduct of Dr. Burleson no later than April 27, 2022, as Premier Orthopedics could have been identified as his employer "through a reasonable search through simply the Tennessee Secretary of State's website."  Additionally, the trial court memorialized its alternative finding that, even if judicial notice were not taken of this information, sufficient information was contained in "Collective Exhibit A attached to Plaintiff's State Complaint" for an objective person to have been put on notice of the need to perform due diligence and investigate Dr. Burleson and Hughston Clinic Orthopaedics, PC.  Accordingly, the trial court determined that the statute of limitations had begun to run no later than April 27, 2022, and had therefore expired on April 27, 2023. This was several months before the complaint was filed on December 18, 2023.  It then granted the motion to dismiss with prejudice.  Mr. Bartsch filed this appeal.

## II.    Issues Presented

Mr. Bartsch presented the following issue on appeal, which we have quoted verbatim from his brief:

1. Did the trial court err in dismissing the case based on the statute of limitations when it took judicial notice of documents with data printed from state websites on May 15, 2024 to conclude Mr. Bartsch had inquiry notice on April 27, 2022 of the tortfeasor's identity?

In addition to answering Mr. Bartch's issue, Premier Orthopaedics raised the following issue on appeal which we have slightly reframed:

1. Whether the alternative finding listed in the trial court's order was adequately raised and briefed before this court or otherwise serves as a basis to affirm the grant of the motion to dismiss.

For the following reasons, we affirm.

### III. Discussion

A trial court's grant of a motion to dismiss made pursuant Tennessee Rule of Civil Procedure 12.02(6) "is a question of law that we review de novo with no presumption of correctness." *Doe v. Rosdeutscher*, No. M2022-00834-COA-R3-CV, 2023 WL 3119472, at *6 (Tenn. Ct. App. Apr. 27, 2023) *perm. app. denied* (Tenn. Aug. 8, 2023) (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)).

The disposal of this claim involves the application of the statute of limitations in the context of a health care liability case. Tennessee Code Annotated section 29-26-116(a) provides:

(a)(1) The statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104.

(2) In the event the alleged injury is not discovered within such one-year period, the period of limitation shall be one (1) year from the date of such discovery.

Tenn. Code Ann. § 29-26-116(a)(1)-(2). Subsection two of this statute is an iteration of what is commonly referred to as the "discovery rule," which functions to toll "'the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained.'" *Lott v. Mallett*, No. W2020-01233-COA-R3-CV, 2022 WL 894755, at *9 (Tenn. Ct. App. Mar. 25, 2022) (quoting *Durham v. Est. of Losleben*, 624 S.W.3d 492, 497 (Tenn. Ct. App. 2020) *perm. app. denied*

(Tenn. Apr. 8, 2021)). Additionally, "the Tennessee Supreme Court has, in its own words, 'refined the discovery rule to make clear that it include[s] not only the discovery of the injury but also the discovery of the source of the injury.'" *Archer v. Sodexo Operations, LLC*, No. W2020-01176-COA-R9-CV, 2022 WL 1657222, at *7 (Tenn. Ct. App. May 25, 2022) (quoting *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 458 (Tenn. 2012)).

Thus, "the statute of limitations in a medical malpractice case is tolled until the plaintiff 'discovered, or reasonably should have discovered, (1) the occasion, the manner, and the means by which a breach of duty occurred that produced his injuries; and (2) the identity of the defendant who breached the duty.'" *Roe v. Jefferson*, 875 S.W.2d 653, 656 (Tenn. 1994) (quoting *Foster v. Harris*, 633 S.W.2d 305 (Tenn. 1982)). Stated differently, "a medical malpractice cause of action accrues when one discovers, or in the exercise of reasonable diligence should have discovered, both (1) that he or she has been injured by wrongful or tortious conduct and (2) the identity of the person or persons whose wrongful conduct caused the injury." *Sherrill v. Souder*, 325 S.W.3d 584, 595 (Tenn. 2010). Notably, the discovery rule does not necessarily delay the accrual of the statute of limitations until the plaintiff has actual knowledge of a defendant's identity. *Grindstaff v. Bowman*, No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *6 (Tenn. Ct. App. May 29, 2008). Accordingly, a plaintiff "cannot simply wait for information regarding a potential defendant to come to them. They have a duty to investigate and discover pertinent facts 'through the exercise of reasonable care and due diligence.'" *Id.* (quoting *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 520 (Tenn. 2005)).

Here, Mr. Bartsch asserted that the discovery rule tolled the accrual of the statute of limitations until he received notice from The Hughston Clinic Southeast, P.C., that Premier Orthopaedics was Dr. Burleson's employer. However, Premier Orthopaedics argued, and the trial court determined, that certain information existed which was sufficient to place a reasonable person on notice of the identity of Dr. Burleson's employer, and thus the action accrued on April 27, 2022. Importantly, the trial court set out two independent bases for this determination. First, it took judicial notice of the documents submitted from the Secretary of State's website and determined this information placed Mr. Bartsch on inquiry notice of the identity of Premier Orthopaedics. Second, the trial court made an express alternative finding in which it determined information contained in documents attached to Mr. Bartsch's pleadings would have placed a reasonable person on inquiry notice of Dr. Burleson's employer. Given its importance, we quote this alternative finding verbatim as follows:

> Additionally, in the alternative, regardless of whether the Court took judicial notice of the Exhibits attached to Defendant's Reply in Support of the Motion to Dismiss, in reviewing the Collective Exhibit A attached to Plaintiff's State Complaint, the Court finds there is sufficient information contained in Collective Exhibit A that demonstrates that an objective person would be put

on notice to have performed due diligence and his or her duty to investigate to find further information regarding Dr. Burleson and Hughston Clinic Orthopaedics.

The trial court also made clear that it had considered this alternative ground when it made its oral ruling at the June 7, 2024, hearing. There, the trial court stated:

> In addition, whether the Court took judicial notice of [the information from the Secretary of State's website] or not, in looking at the attached exhibit -- Collective Exhibit A from the plaintiff's pleading of the complaint, the Court finds there is sufficient information in there to have put an objective person on notice to have done due diligence and duty to investigate to find further information regarding Dr. Burleson and Hughston Orthopaedics.

Based on both findings, the trial court determined that the plaintiff knew or should have known of the alleged tortious act on April 27, 2022, and Premier Orthopaedics could have been identified at the time.

On appeal, Mr. Bartsch challenged the trial court's decision to take judicial notice of the information taken from the Secretary of State's website. However, inexplicably, Mr. Bartsch's statement of the issue on appeal does not address the trial court's alternate finding regarding the information attached to the complaint. Likewise, while the argument section of his brief contains a lengthy discussion of the judicial notice taken of the information obtained from the Secretary of State's website, the alternative finding is not addressed. Meanwhile, Premier Orthopaedics avers in its brief that Mr. Bartsch's failure to address the alternative finding leaves this appeal without merit. We agree.

"This court has previously confronted circumstances in which a trial court's ruling is supported by alternative independent bases[,] but not all of those bases have been challenged on appeal." *Ramos v. Caldwell*, No. M2022-00222-COA-R3-CV, 2023 WL 1776243, at *3 (Tenn. Ct. App. Feb. 6, 2023). As we have previously explained:

> [g]enerally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling. *See* 5 Am. Jur. 2d Appellate Review § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."); *see also Tower Oaks Blvd., LLC v. Procida*, 219 Md. App. 376, 392, 100 A.3d 1255, 1265 (Md. 2014) ("The law of appellate review establishes that, '[w]hen a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm.'") (citation omitted); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740-41 (Tex. App. 2007) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we

must affirm the lower court's ruling."); *Johnson v. Commonwealth of Virginia*, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (Va. 2005) ("[W]e join the majority of jurisdictions holding that in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'") (citation omitted).

*Id.* (quoting *Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018)). In *Ramos*, for instance, the trial court denied a claim on two bases, but the appellant only challenged one of those on appeal. *Id.* We explained that "[t]he failure to challenge this independent alternative ground require[d] this court to affirm the trial court's ruling without considering the issue that was raised on appeal." *Id.* at *4; s*ee also Duckworth Pathology Grp., Inc. v. Reg'l Med. Ctr. at Memphis*, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *11 (Tenn. Ct. App. Apr. 17, 2014) (affirming where an appellant's brief failed to mention the trial court's several alternative rulings, "let alone seek their reversal").

Here, Mr. Bartsch's only issue presented for review pertains to the trial court's decision to take judicial notice of the information taken from the Secretary of State's website. He argues this issue extensively throughout the body of his brief. He claims that it required an inference to be made in favor of Premier Orthopaedics and thus was not in accordance with the applicable standards of a Rule 12.02(6) motion to dismiss. Mr. Bartsch also makes an ancillary argument regarding the application of Tennessee Code Annotated section 29-26-121(a)(5).[3] He asserts that Dr. Burleson and The Hughston Clinic Southeast, P.C. failed to comply with this statute when pre-suit notice was provided to them prior to the filing of the federal case but they did not disclose the identity of Premier Orthopaedics until the answer filed in September 2023. Nevertheless, neither argument contests the trial court's determination that the pre-suit notice letters sent prior to the filing of the federal case would place a reasonable person on inquiry notice of Dr. Burleson's employer. Premier Orthopaedics even raised the issue as an alternative basis for affirming the judgment in its brief, yet Mr. Bartsch also did not address the issue in his reply brief.[4] Thus, an alternative and independent ground for the trial court's ruling was contained in the final order but not challenged on appeal.

In sum, "'where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds,

---

[3] By way of review, this subsection states that a recipient of pre-suit notice in a health care liability action "shall, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant." Tenn. Code Ann. § 29-26-121(a)(5).

[4] Regardless, raising the argument in the reply brief would not have saved Mr. Bartsch's claim as an appellant is not permitted to raise a new issue in a reply brief. *See Duckworth*, 2014 WL 1514602, at *11.

we must affirm the judgment of the trial court on the ground that was not challenged on appeal.'" *Koblitz v. State*, No. M2021-00282-COA-R3-CV, 2021 WL 5549586, at *3 (Tenn. Ct. App. Nov. 29, 2021) (quoting *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, No. M2020-00804-COA-R10-CV, 2021 WL 2450456, at *12 (Tenn. Ct. App. June 16, 2021) *perm. app. denied* (Tenn. Oct. 14, 2021)). Here, the only reference made to the alternative finding in Mr. Bartsch's brief was in a block quote of the trial court's ruling contained in his statement of the case section of the brief. A challenge to the ruling was neither preserved in an issue statement nor argued in the body of the brief. Further, Mr. Bartsch's failure to raise an issue as to the court's alternative basis for its ruling left Premier Orthopaedics with no argument to which it could respond. *See DiNovo v. Binkley*, 706 S.W.3d 334, 336–37 (Tenn. 2025) (drawing a distinction between technical errors and those deficiencies that prejudice the other party, place the appellate court in a position of lawyering, and/or interfere with the appellate court's ability to engage in meaningful appellate review). Therefore, we affirm the trial court, and the remaining issues are pretermitted.[5]

## IV. Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Donald Bartsch, Jr., for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[5] We acknowledge our Supreme Court's instruction that the Tennessee Rules of Appellate Procedure treat "the statement of the issues and the argument as distinct but complementary parts of an appellant's brief." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024). Taken together, the statement of the issues and argument should "clearly present the grounds for appellate relief." *Id.* at 531. Here, even if Mr. Bartsch's issue on appeal could be interpreted as encompassing both bases for the dismissal of his complaint, his argument does not.