IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2016 Session

## GEORGE MOORE, JR., ET AL. v. CITY OF CLARKSVILLE, TN

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-RE-14-15      Ross H. Hicks, Judge**
_____

**No. M2016-00296-COA-R3-CV – Filed October 31, 2016**
_____

Appellant landowners filed a complaint against the City of Clarksville under the theory of implied- in-fact contract, alleging that the City should repair and maintain Appellants' sewer line and arguing that the broken sewer line is an extension of the City's public sewer system. Appellants also requested compensatory damages resulting from the back-up of sewage into their home. The City argues that the broken sewer line is a private sewer, for which the City has no responsibility. The City filed a motion for summary judgment. Upon hearing the City's motion, the trial court found that Appellants' claim sounded in tort under the Tennessee Governmental Tort Liability Act and that the complaint was time barred. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Joe Weyant, Clarksville, Tennessee, for the appellants, George Moore, Jr., and Andrea U. Moore.

Lance A. Baker, Jeffrey T. Goodson, and Roman S. Hankins, Clarksville, Tennessee, for the appellee, City of Clarksville.

## OPINION

### I. Background

On or about June 28, 2012, Appellants George and Andrea Moore purchased a home located at 1747 Broadripple Drive in Clarksville, Tennessee. Approximately one year after the purchase, sewage began to back-up into the house. Appellants consulted a plumber, who informed them that the pump on certain holding tanks in their yard was not functioning properly. The Appellants replaced the pumps, but soon experienced the same problem with sewage back-up. On June 26, 2013, Appellants consulted with the State of Tennessee, the Appellee City of Clarksville ("City"), and Roto-Rooter Sewer-Drain Service to discuss their sewage system. During this meeting, an employee of the State of Tennessee advised the Appellants that the City was responsible for the sewer line. A Roto-Rooter representative suggested that the problem was not on Appellant's property but was "stopped up on [the] City side."

Appellants' lot is part of the Marymont Subdivision development, which was originally owned by the subdivision developer, Bill Mace. In 2006, Mr. Mace sold the residence he constructed on the lot to Michelle and Timothy Ford, who sold the property to Appellants. Concurrent with the sale, the Fords provided Appellants with a Tennessee Residential Property Condition Disclosure Statement, wherein the Fords expressly advised Appellants that the property's "waste disposal" mechanism is not the "City Sewer" but, instead, a "private disposal system" with "Septic Tank[s]." The Fords represented that there were no defects or malfunctions in the system. In addition to the disclosure, the Fords executed a loan addendum, which advised the Appellants that the "property is not connected" to the City's "public sewer system." The sewer line at issue runs across, or between, at least four other properties in the subdivision. The portion of the line that is affected, by a break or blockage, is undisputedly not on property owned by Appellants. As such, The Appellants argue that they have no access to the portion of the line at issue, and that the City has utility easements on all lots in the subdivision.

On June 4, 2014, Appellants filed suit against the City seeking an order requiring the City to repair the sewer line and seeking compensatory damages allegedly resulting from the back-up of sewage into their home and from the "maintenance and pumping of the City [septic] tanks." As is relevant to this appeal, Appellants' complaint was brought under a theory of implied-in-fact contract, which alleged that Appellants are third-party beneficiaries of a "contractual relationship between the City and [Mace]," whereby the "City effectively extended the City sewer system through the [Line]" and assumed the responsibility and costs of repairing and maintaining the line.

On July 17, 2014, Appellee filed a motion to dismiss all claims alleged in the Appellants complaint. The trial court denied the motion in part on the implied contract claim, and granted the motion in part on the equal protection and regulatory taking claims, which are not at issue in this appeal. In its answer, filed on October 20, 2014, the City denied any liability for repairs or maintenance to the line and raised, as an affirmative defense, improper service of process based on Appellants' alleged failure to timely serve either the

City mayor, or the City attorney. Although the proper parties were subsequently served on July 5, 2015, Appellee argued that this service was ineffective because the statute of limitations had expired. On June 5, 2015, after the parties had completed discovery, the City filed a motion for summary judgment arguing that the breach of implied contract claim was a tort claim barred by the Tennessee Governmental Tort Liability Act's ("GTLA") twelve month statute of limitation. The City also argued that the undisputed material facts demonstrate that the Appellants could not prove the elements of an enforceable agreement between the parties. In sum, the City contended it was always understood by the Appellants and the former owner of the property that the City assumed no responsibility for the repair or maintenance of the sewer line that was installed on this property.

Following a hearing, the trial court granted Appellee's motion for summary judgment by order of October 9, 2015. The trial court noted that, although the Appellants had brought their claim under an implied contract theory, their cause of action sounded in tort under the GTLA. The trial court held that the service of process and related statute of limitations arguments made by the Appellee were valid, and that Appellants' GTLA claim was time-barred. Substantively, the trial court also found that the sewer line at issue was a private line, for which the City bore no responsibility. The trial court subsequently denied Appellants' motion to alter or amend the judgment. Appellants appeal.

## II. Issues

Appellants present the following issue for review as stated in their brief:

Did the trial court err in granting summary judgment to the Appellee, when an implied contract, not defeated by the statute of frauds, exists between the parties, and when the Tennessee Governmental Tort Liability Act does not apply to the Appellants' cause of action?

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013); *see also Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010); and *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye* 477 S.W.3d at 250 (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn.

2013); *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

For actions initiated on or after July 1, 2011, the standard of review for summary judgment is governed by Tennessee Code Annotated Section 20-16-101. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1)    Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2)    Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101. However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." *Rye*, 477 S.W.3d at 264. Rule 56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id.* If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014)(citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As our Supreme Court recently opined:

> [T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265 (emphasis in original). If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for

summary judgment should be granted. *Id*. Thus, even where the determinative issue is ordinarily a question of fact for the jury, summary judgment is still appropriate if the evidence is uncontroverted and the facts and inferences to be drawn therefrom make it clear that reasonable persons must agree on the proper outcome or draw only one conclusion. *White v. Lawrence*, 975 S.W.2d 525, 529-30 (Tenn. 1998).

However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id*. at 24-25.

## IV. Analysis

The Appellants' complaint for damages and injunctive relief alleges that the "sewer service access to this home demonstrates an *implied in fact contract*, whereby any resident of the subject home was an intended beneficiary. From initial construction, the City effectively extended the City sewer system through the actual lines running to the Moores' home" (emphasis added).

In its order granting summary judgment, the trial court stated in pertinent part:

> 13. The Court further finds that although the [Moores] label their claim against the City as a "breach of implied-in-fact contract" claim, the [Moores'] claim sound in tort under the Tennessee Governmental Tort Liability Act (hereinafter, the "GTLA"), considering that the basis for the [Moores'] claim against the City is the alleged "back-up of sewage into their home" as a result of an alleged "break or obstruction in the line," and considering also that the [Moores] allege that the line is an extension of the City's public sanitary sewer.

> 14. The Court finds that the GTLA claim accrued no later than June 26, 2013, when the [Moores] met with various employees of the City, the State of Tennessee and Roto-Rooter, and received suggestions from the State and Roto-

Rooter during the meeting that the City was allegedly responsible for repairing the line;

15.     Although the [Moores] filed their Verified Complaint on June 4, 2014, within one year of the June 26, 2013 meeting, the record reflects that the [Moores] served the initial summons (along with the Verified Complaint) upon a City administrative assistant, rather than serving the City's Mayor or the City Attorney.  The [Moores] did not issue new process until July 5, 2015, more than one year after the issuance of the initial Summons.  As a result, the Verified Complaint did not toll the running of the GTLA's 12-month statute of limitations, which expired no later than June 26, 2014, 12 months after the aforementioned June 26, 2013 meeting;

16.     Accordingly, the Court finds that the [Moores'] GTLA claim is time-barred;

The Moores adamantly deny that the GTLA applies to their claim, arguing that their complaint and damages sound in contract rather than tort.  However, the actual complaint does not allege a breach of contract, nor does the complaint seek rescission for breach of contract.  Instead, the complaint asserts that "the sewer service access to this home demonstrates an implied in fact contract, whereby any resident of the subject home was an intended beneficiary."  The Moores seek an order requiring the "City to repair, at the City's cost, the sewer lines leading from the [Moores'] home to the City manhole.  In addition, the complaint seeks compensatory damages "for the many months of maintenance and pumping of the City tanks servicing the [Appellants'] home. . . ."

The gravamen of an action will determine the appropriate statute of limitations.  ***Pera v. Kroger Co.,*** 674 S.W.2d 715, 719 (Tenn. 1984); ***Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.,*** 342 S.W.3d 19, 29 (Tenn. Ct. App. 2010).  The gravamen of the complaint refers to the substantial point, the real purpose, or the object of an action, and the gravamen is not dependent upon the designation or form litigants ascribe to an action.  ***Benz-Elliott v. Barrett Enterprises, LP***, 456 S.W.3d 140, 148 (Tenn. 2015)(citing ***Redwing v. Catholic Bishop for the Diocese of Memphis,*** 363 S.W.3d 436, 457 (Tenn.2012)).  In order to determine the complaint's gravamen, the Tennessee Supreme Court has long held that one must look to the factual basis for the cause of action regardless of the allegations of the complaint.  *See **Swauger v. Haury & Smith Contractors, Inc.,*** 512 S.W.2d 261 (Tenn. 1974); ***Pinkerton and Laws Co. v. Nashville Flying Service, Inc.,*** 402 S.W.2d 861 (Tenn.1966).  In ***Vance v. Schulder,*** 547 S.W.2d 927, 932 (Tenn. 1977), the Tennessee Supreme Court modified this analysis to require consideration of both the *basis of the claim* and the *type of injuries* for which damages are sought.  In the ***Benz-Elliott*** case, the Supreme Court clarified that the two-step approach articulated in Vance is the correct framework for courts to ascertain the gravamen of a claim for the purpose of choosing the applicable statute

of limitations. When using this approach, a court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought. ***Benz-Elliott,*** 456 S.W. 3d at 151.

Applying the two-step analysis clarified in ***Benz-Elliott***, the Moores' cause of action has, as a factual basis, damage to their property, i.e., raw sewage backing up into the house and no operational sewage system. Additionally, the Moores' are seeking compensatory damages. Generally, compensatory damages are intended to compensate an injured party for personal injury or property damage, thereby making the party whole again. ***Goff v. Elmo Greer & Sons Const. Co., Inc.***, 297 S.W.3d 175, 187 (Tenn. 2009) (citing ***Hodges v. S.C. Toof & Co.,*** 833 S.W.2d 896, 901-02 (Tenn.1992)). Considering both the allegations in the complaint and the damages sought, we conclude that the trial court properly held that the gravamen of Appellants' complaint is damage to property, which sounds in tort.

In ***Shaw v. Cleveland Utilities Water Div.***, No. E2009-00627-COA-R3-CV, 2009 WL 4250157, at *3 (Tenn. Ct. App. Nov. 30, 2009), Mr. Shaw sued a public utility for its refusal to perform repairs following the back-up of sewage into Mr. Shaw's rental property. The trial court found that there was no contract upon which to base a cause of action, and that the only cause of action was in tort. The trial court applied the one-year statute of limitations to all defendants, and dismissed the complaint against all defendants. We affirmed the trial court's findings. *See* ***Rubbermaid-Maryville, Inc. v. Barber & McMurry, Inc.***, No. 03A01-9309-CV-00327, 1994 WL 45315, at *2 (Tenn. Ct. App. Feb. 15, 1994) (holding that "[w]hile plaintiff has alleged a claim for breach of contract, the cause of action has, as a factual basis, damage to property . . . . Accordingly, the gravamen of the complaint is damage to property which sounds in tort."). *See also* ***Kirby Farms Homeowners Ass'n v. Citicorp, Citibank, N.A.***, 773 S.W.2d 249, 251 (Tenn. Ct. App. 1989)(finding that the gravamen sounded in tort and holding that "[a]lthough plaintiffs attempt to distinguish their case on the ground they are not alleging a tort, but suing simply because defendants failed to comply with their contract, which caused the damages complained of, their case cannot be so distinguished.").

Because Appellants are suing a governmental entity, their claims are subject to the GLTA. Tennessee Code Annotated section 29-20-201 provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary" except as otherwise provided. Any action filed under the GTLA "must be commenced within twelve months after the cause of action arises." Tenn. Code Ann. §29-20-305. This statute of limitations is compulsory as "any claim for damages must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. §29-20-201(c).

GTLA's twelve month statute of limitations begins to run when the injury occurs or

- 7 -

when the injured party discovers or reasonably should have discovered that he or she has a right of action against another party. ***Doe v Coffee Cty. Bd. of Educ.***, 852 S.W.2d 899, 904 (Tenn. Ct. App. 1992)(citing ***Potts v. Celotex Corp.***, 796 S.W.2d 678,680 (Tenn. 1990) and ***McCrosky v. Bryant Air Conditioning Co.***, 524 S.W.2d 487, 491 (Tenn. 1975)). A cause of action is deemed to be discovered when the party knows that he or she has been injured and knows who allegedly caused the injury. ***Doe***, 852 S.W.2d at 904 (citing ***Foster v. Harris***, 633 S.W.2d 304, 304-05 (Tenn. 1982); ***Hathaway v. Middle Tenn. Anesthesiology, P.C.***, 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986); ***Woods v. Sherwin-Williams Co.***, 666 S.W.2d 77, 79 (Tenn. Ct. App. 1983)); s*ee also **Mathis v. City of Waynesboro***, No. M2014-00864-COA-R3-CV, 2015 WL 1306915, at *7 (Tenn. Ct. App. Mar. 19, 2015), *perm. app. denied* (Tenn. July 17, 2015) ("[T]he only relevant inquiry is whether the [plaintiffs] filed the lawsuit against the City within twelve month of the time that they knew they were injured and that City may have caused the injury.")

Here, the trial court found that the GTLA claim accrued no later than June 26, 2013, when the Appellants met with various employees of the City, the State of Tennessee and Roto-Rooter and were told, that the City was responsible for repairing the line. The Moores do not dispute this finding on appeal. On June 4, 2014, Appellants filed suit against the City. The complaint and the summons were served on an administrative assistant employed by the City on June 9, 2014, which is within one year of the date the action accrued. However, Rule 4.04(8) of the Tennessee Rules of Civil Procedure provides that service upon a municipality shall be made by "delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney." Tenn. R. Civ. P. 4.04(8). Accordingly, Appellants' service on the administrative assistant was ineffective and did not toll the running of the one year statute of limitations.

Rule 3 of the Tennessee Rules of Civil Procedure states as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, *the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process* or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added). The City raised the defense of insufficient service of process in its answer; however, the Appellants did not reissue service immediately. The record shows that Appellants did not reissue service on the City Attorney within one

year from issuance of the previous process. The Tennessee Rules of Civil Procedure, promulgated by our Supreme Court and approved by the General Assembly, "have 'the force and effect of law.'" *Hall v. Haynes,* 319 S.W.3d 564, 571 (Tenn.2010) (quoting *Crosslin v. Alsup,* 594 S.W.2d 379, 380 (Tenn.1980)). Consequently, we conclude that the trial court was correct in holding that Appellants' complaint is time-barred under Tennessee Code Annotated section 29-20-201(c).

## V.    Conclusion

For the foregoing reasons, we affirm the trial court's order granting summary judgment. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, George Moore, Jr., Andrea U. Moore, and their surety, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE